678 So.2d 501 (1996)
Robert SMEATON, Appellant,
v.
Christine SMEATON, Appellee.
No. 96-3.
District Court of Appeal of Florida, First District.
August 23, 1996.
Cynthia L. Catalan of Eakin, Sneed & Catalan, Atlantic Beach, for appellant.
Laurel K. French of Cascone & French, Fernandina Beach, for appellee.
PER CURIAM.
The former husband challenges a final judgment of dissolution of marriage. He raises three issues on appeal, two of which we determine to have merit. We first find that there was insufficient evidence to overcome the statutory presumption that real estate held as tenants by the entireties constitutes a marital asset. § 61.075(5)(a)5; Robertson v. Robertson, 593 So.2d 491 (Fla.1991). The trial court, therefore, erred in awarding a special equity in favor of the wife. Rutland v. Rutland, 652 So.2d 404 (Fla. 5th DCA 1995).[1]
The second issue concerns the trial court's failure to properly calculate the effect that *502 the special equity would have on the distribution of assets in accordance with Landay v. Landay, 429 So.2d 1197 (Fla.1983). Appellee properly concedes that this constituted error. Hess v. Hess, 654 So.2d 199 (Fla. 4th DCA 1995).
We, therefore, reverse that portion of the final judgment dealing with equitable distribution and remand for further proceedings consistent with this opinion.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.
NOTES
[1] The wife did not file a cross appeal; therefore, we are unable to address the special equity granted to the husband.