764 So.2d 860 (2000)
Alberto MILIAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-3543.
District Court of Appeal of Florida, Fourth District.
August 9, 2000.
*861 J. David Bogenschutz of Bogenschutz & Dutko, P.A., Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael J. Neimand, Assistant Attorney General, Fort Lauderdale, for appellee.
PER CURIAM.
The Appellant, an assistant state attorney, appeals the final judgment finding him guilty of indirect criminal contempt. He asserts the finding of contempt was error because there was insufficient evidence that he intended to hinder the administration of justice. We disagree and affirm.
Contempt has been defined as "any act which is calculated to embarrass, hinder, or obstruct the court in the administration of justice, or which is calculated to lessen its authority or its dignity." Murrell v. State, 595 So.2d 1049, 1050 (Fla. 4th DCA 1992). "A judgment of contempt is entitled to a presumption of correctness and it will not be disturbed when supported by the record." Berman v. State, 751 So.2d 612, 614 (Fla. 4th DCA 1999). Likewise, an appellate court will not disturb a trial court's factual findings when supported by competent substantial evidence; however, the appellate court is not bound by a trial court's conclusions of law. See generally Oceanic Int'l Corp. v. Lantana Boatyard, 402 So.2d 507, 511-12 (Fla. 4th DCA 1981); Glover v. State, 677 So.2d 374, 376 (Fla. 4th DCA 1996); Clegg v. Chipola Aviation, Inc., 458 So.2d 1186, 1187 (Fla. 1st DCA 1984).
After hearing testimony, the trial court found the Appellant guilty of indirect criminal contempt and entered the following order:
1. On August 23, 1999, while in the Broward County Courthouse, but outside the presence of the Court, Alberto Milian, being annoyed and angered after opposing counsel elbowed him in the side on an elevator, did knowingly and intentionally engage in a physical altercation with opposing counsel under circumstances which would reasonably tend to interrupt the administration of justice and did in fact interrupt the administration of justice.
2. The altercation occurred in the open hallways of the 3rd floor of the County Courthouse at approximately 3:00 p.m. in the presence of several people.
3. The altercation occurred following the empanelment of a jury after the Court recessed the trial for the day.
4. The altercation occurred after a juror rode on the elevator with Mr. Milian and opposing counsel from the 5th floor to the 3rd floor. The juror exited the elevator just ahead of Mr. Milian and opposing counsel.
5. The juror was in the vicinity of the altercation when it began, and actually witnessed part of the altercation.
6. Certainly it was reasonable to conclude that jurors were or could have been in the area where the altercation occurred.
7. It is equally reasonable to conclude that any juror witnessing the altercation would be adversely influenced.
8. Opposing counsel sustained a noticeable injury to his eye as a result of the altercation.
9. The following day opposing counsel moved the Court for orders dismissing the case (State v. Decker) based on *862 prosecutorial misconduct, a mistrial, disqualification of Mr. Milian and the State Attorney's Office, and sanctions against Mr. Milian.
10. The hearing of the above matters interrupted the administration of justice and consumed a considerable amount of the Court's time.
11. The above motions and subsequent hearings were a direct result of and precipitated by the conduct of Alberto Milian.
In consideration of the above findings, this Court is convinced that the evidence adduced proves beyond a reasonable doubt Alberto Milian's guilt of Indirect Criminal Contempt. Accordingly, Mr. Milian is hereby adjudged guilty of Indirect Criminal Contempt.
Because the trial court's factual findings are supported by competent substantial evidence, we accept them as true.
With regard to the legal conclusions, although we have failed to find a Florida case directly on point, we find People v. Ziporyn, 106 Ill.2d 419, 88 Ill. Dec. 49, 478 N.E.2d 364 (1985), a case decided by the Illinois equivalent of our supreme court, both factually analogous and persuasive. We interpret Ziporyn to stand for the proposition that the requisite intent for indirect criminal contempt can be inferred from the actions of the contemnor where it is foreseeable under the circumstances that the contemnor's conduct would prompt action disruptive of court proceedings. In Ziporyn, the state attorney cross-examined a defense psychiatrist in a "vigorous," "extensive," and a "rather demeaning" manner. See id. at 420. As the expert left the witness stand, he whispered " a vile epithet" in the state attorney's ear. See id. While there was dispute about exactly how loud the remark was made, it is clear that the state attorney responded by repeating the remark in open court and demanding the court hold the psychiatrist in contempt. See id. The trial court found the psychiatrist guilty of indirect criminal contempt, but the intermediate appellate court reversed, concluding neither a contemptuous act nor the requisite intent had been proven. See id. at 421.
The Illinois Supreme Court reversed, concluding the evidence established the intent necessary for indirect criminal contempt. The court explained,
Defendant admitted that he made the statement, and although it is contended that it was said in a whisper, two witnesses testified that they heard him say it. Under these circumstances, it was possible that members of the jury might have overheard defendant's comments.
Defendant is a psychiatrist with considerable experience in court appearances. The intent to commit contempt of court may be inferred from the actions of the contemnor. Although, as the appellate court said, it is true that defendant could not foresee that the assistant State's Attorney would repeat the epithet and demand that defendant be held in contempt, it was certainly foreseeable, under the circumstances, that these "fighting words" would prompt action which would disrupt the court proceedings.
Id. at 421-22.
In the present case, not only was it probable that the juror on the elevator would see the fight between the assistant state attorney and the public defender trying the case on which the juror was serving, she did in fact witness the altercation. Moreover, because the incident occurred in the hallway of the courthouse near several people, it was certainly foreseeable that such conduct would prompt action tending to disrupt court proceedings. Indeed, the trial court was forced to expend a considerable amount of time addressing motions and holding hearings that were precipitated directly by the altercation. As such, we conclude the intent to commit contempt can be inferred from the Appellant's conduct and hold there was competent substantial *863 evidence of intent under the facts of this case. Accordingly, we affirm.
AFFIRMED.
DELL and GUNTHER, JJ., concur. SHAHOOD, J., dissents with opinion.
SHAHOOD, J., dissenting.
I respectfully dissent. While I find appellant's actions in this case to be completely reprehensible, inappropriate and totally devoid of any civility for a member of The Florida Bar, I cannot say that his actions warranted a finding of indirect criminal contempt.
I would reverse the final judgment because the evidence presented in this case was insufficient to show that appellant had the requisite specific intent to hinder the court in its orderly administration of justice. See Baitty v. Weaver, 734 So.2d 582, 584-85 (Fla. 4th DCA 1999).