979 So.2d 1063 (2008)
Angela Teresa SIMMONS, Appellant,
v.
Clayton Miles SIMMONS, Appellee.
No. 1D07-2451.
District Court of Appeal of Florida, First District.
March 31, 2008.
Rehearing Denied April 30, 2008.
Clay B. Adkinson of the Adkinson Law Firm, LLC, Defuniak Springs, for Appellant.
*1064 Janis L. Burke, Fort Walton Beach, for Appellee.
PADOVANO, J.
Angela Simmons, the former wife, appeals the final judgment in her dissolution of marriage case. She contends that the trial court erred by dividing the assets of the parties without making the required findings of value. We conclude that this argument has been waived and we therefore affirm.
The proper method of equitably dividing assets and liabilities in a dissolution of marriage case is regulated in detail by statute. Section 61.075(3), Florida Statutes (2007), states in material part that "any distribution of marital assets or marital liabilities shall be supported by findings in the judgment," and that the judgment shall include specific findings of fact as to the "identification of marital assets, including the individual valuation of significant assets." In the present case, the former wife contends that the trial judge "dispensed with the marital belongings summarily" with "a mere brief recitation of the assets awarded to the husband then to the wife." Yet, under the circumstances, that is all the trial judge could have done. The judge could not have made findings of value based on anything other than the evidence presented by the parties, and the parties did not present evidence of value for many of the major assets included in the equitable distribution.
The need for a valuation of the assets assumes that the trial court has resolved a controversy regarding the division of property and the parties have presented some evidence of value for each of the significant assets. A trial judge has no duty under the statute to make findings of value if the parties have not presented any evidence on that issue. The findings required by section 61.075(3)(b) help to facilitate the right of appellate review. However, that objective would not be advanced if we were to ask trial judges to fill gaps in the evidence by making their best estimate of value. We do not think that a trial judge should guess at the value of an item of property merely to satisfy a statutory requirement of form. It is more logical in our view to conclude that this requirement comes into play only if there is a dispute about the division of property, and then only if one party is claiming that the evidence does not support the division made by the trial judge.
To test this conclusion we need only consider what would happen if we were to reverse and remand with instructions to make the proper findings. The trial judge would not be able to make the findings of value on the present state of the record. Therefore, he would have no alternative but to allow the parties a second opportunity to litigate the issue. In the end, the decision would confer a benefit on the party who is responsible for the trial court's error. That result is not consistent with the text or overall plan of the statute.
We reject the argument on appeal for the additional reason that the former wife did not bring the alleged deficiency to the trial court's attention at a time when it might have been corrected. She filed a motion for rehearing to challenge other aspects of the trial court's decision but did not argue in her motion that the judgment was defective in that it failed to include findings of value. The issue was not presented to the trial court and, for that reason, it may not be considered on appeal. As we have explained, a party is not entitled to complain that a judgment in a marital and family law case fails to contain sufficient findings unless that party raised the omission before the trial court in a motion for rehearing. See, *1065 e.g., Owens v. Owens, 973 So.2d 1169 (Fla. 1st DCA 2007).
There are good reasons for this rule. A trial judge who is made aware of the fact that a required finding was omitted could easily redraft the judgment to include that finding. In contrast, a trial judge who assumes that the form of the judgment was acceptable and learns of the alleged deficiency only after the appeal has been concluded is not likely to be in a position to make the appropriate findings. It would be unrealistic to assume that a trial judge would remember, a year or so later, the value of a car or boat or some item of personal property that was included in an equitable distribution of property. In some cases, the trial courts would be required to begin the process anew, and that would only reward the party who failed to make a timely objection.
Section 61.075(3)(b) requires the trial court to make a finding of the individual value of significant assets but it does not suggest that a failure to make such a finding is an issue that can be raised for the first time on appeal. Like most other legal issues, it must be preserved for review by a timely objection and ruling in the trial court.
For these reasons, we conclude that the alleged defect in the final judgment is an issue that is no longer open for debate. We have not addressed all of the issues that were raised in this appeal but we have carefully considered them all. Because we find no error in the judgment on the point we have addressed or on any other issue in the case, we affirm the decision of the trial court.
Affirmed.
WOLF, J., concurs.
BENTON, J., dissents with opinion.
BENTON, J., dissenting.
Before the parties married, Mr. Simmons's uncle gave him the real property on which the marital home stood at the time of the dissolution. Some five years before he petitioned for dissolution, Mr. Simmons conveyed the property to Mrs. Simmons and himself as tenants by the entireties. After the property was in both names, they mortgaged it as security for repayment of a loan they took out, and improvements were made to the house, although there was some dispute as to how the loan proceeds were applied exactly.
Mr. Simmons testified he signed the deed so Mrs. Simmons would not leave him again, after she said to him, "[I]f you love me, you'll put my name on the deed so if anything ever happens to you, I won't have to go through the court system." She testified she understood him as offering to give her half interest in the property, and that he said he meant to do so by the deed he executed. Pertinent here is section 61.075(5)(a)5., Florida Statutes (2004), which provides:
All real property held by the parties as tenants by the entireties, whether acquired prior to or during the marriage, shall be presumed to be a marital asset. If, in any case, a party makes a claim to the contrary, the burden of proof shall be on the party asserting the claim for a special equity.
The trial court ruled that Mr. Simmons met his burden of establishing that the transfer of the title to the house was not intended as a gift, but was done "solely for survivorship purposes during coverture." Ball v. Ball, 335 So.2d 5, 7 (Fla.1976). The Ball decision antedates the statute, however, and ought not control here. See Robertson v. Robertson, 593 So.2d 491, 493 (Fla.1991); Rutland v. Rutland, 652 So.2d 404, 406 (Fla. 5th DCA 1995) (holding "husband's self-serving claim that no gift *1066 was intended" insufficient to overcome the statutory presumption), receded from on other grounds in Anson v. Anson, 772 So.2d 52 (Fla. 5th DCA 2000).
The Fifth District's decision in Hill v. Hill, 675 So.2d 168, 169 (Fla. 5th DCA 1996), lends some support to the view that one spouse can convey to both spouses as tenants by the entirety in fee simple without, in effect, conveying a present interest. But see Smeaton v. Smeaton, 678 So.2d 501, 501 (Fla. 1st DCA 1996) (concluding there was "insufficient evidence to overcome the statutory presumption that real estate held as tenants by the entireties constitutes a marital asset"). In any event, the Simmonses' case more closely resembles Kollar v. Kollar, 155 Fla. 705, 21 So.2d 356, 358 (1945), which the Hill court was at pains to distinguish, quoting Rutland, 652 So.2d at 406:
In our case, the husband deeded all of his "right, title, interest, claim and demand" in the property to himself and his wife as tenants by the entireties. . . . He made the wife aware of the conveyance, apparently without advising her of his now claimed reservation of an equitable interest. He held her out to others as a co-owner of the property when he permitted her to join with him in the joint execution of a note and mortgage for the financing of subsequent improvements. And he testified, as did the husband in Kollar, that he wanted the wife to have the home if he predeceased her.
Hill, 675 So.2d at 169-70. See also Stough v. Stough, 933 So.2d 603, 606-07 (Fla. 1st DCA 2006). On this basis, I would reverse the judgment below insofar as it treats the marital home as a non-marital asset, and remand for an equitable distribution of all marital property, including the home. As for the parties' personalty, I agree with the majority opinion that a party who adduces no proof as to the value of property should not be heard on appeal to complain about the final judgment's failure to pluck a value out of thin air to assign to the property. Given what I view as the mischaracterization of the parties' principal marital asset as non-marital, however, I respectfully dissent from today's affirmance.