IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LARRY GENE WILLIAMS,

 Appellant,

v.

WANDA ELAINE WILLIAMS,

 Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-0803

Opinion filed December 2, 2014.

An appeal from the Circuit Court for Duval County.
Linda F. McCallum, Judge.

Lynn W. Martin of The Law Office of Lynn W. Martin, Orange Park, for Appellant.

J. Nickolas Alexander, Jr., Orange Park, for Appellee.


MARSTILLER, J.

 Larry Gene Williams ("Former Husband") appeals an order finding him in civil contempt for failing to comply with prior orders which required him to: (1) make his best efforts to obtain and maintain a life insurance policy for $150,000, naming Wanda Elaine Williams ("Former Wife") as beneficiary; (2) pay off a Lowes credit card and remove the Former Wife's name from the account; and (3) pay the

Former Wife monthly alimony. The trial court found the Former Husband failed to provide credible proof that he is unable to secure the required life insurance, failed to make timely, regular payments on the Lowes credit card despite the financial ability to do so, and failed to make even one payment toward a more than $15,000 alimony arrearage despite the financial ability to do so. The court also set a contempt purge amount of $500 which, if not timely paid, would result in a jail sentence of up to 179 days for the Former Husband. In addition, the court awarded the Former Wife a contribution toward her attorney's fees for prosecuting her contempt motion, and by separate order, which also is being appealed, set the contribution amount at $5,000.

Seeking reversal of the contempt order, the Former Husband asserts that he presented competent, substantial evidence demonstrating his failure to obtain the life insurance policy and to make the payments required by the final judgment of dissolution was not willful. He also argues the trial court imposed the $500 purge amount without first finding he had the present ability to pay that amount.

A judgment of contempt is presumed correct on appeal, and will not be disturbed unless there is insufficient evidence in the record to support it. *See Pearson v. Pearson*, 932 So. 2d 601, 602 (Fla. 2d DCA 2006) (citing *Milian v. State*, 764 So. 2d 860, 861 (Fla. 4th DCA 2000)). Moreover, in dissolution and support matters, the final judgment establishes a presumption in subsequent proceedings that

2

the obligor has the ability to make the payments ordered. *Bowen v. Bowen*, 471 So. 2d 1274, 1278 (Fla. 1985). If the obligor defaults and contempt proceedings ensue, the obligor's burden is to overcome the presumption with evidence that circumstances beyond the obligor's control have arisen, rendering him or her unable to comply with the prior order. *Id.* at 1278-79. Our review of the Former Husband's testimony at the contempt hearing satisfies us that the trial court correctly found he failed to sustain his burden. Therefore, we affirm the contempt determination.

As to the Former Husband's argument that the trial court erred by failing to find he had the present ability to pay the $500 purge amount, we conclude he failed to preserve the issue for appeal. He is correct in asserting that a finding of present ability to pay is required. *See* Fla. Fam. L. R. P. 12.615(e) ("The court shall include in its order a separate affirmative finding that the contemnor has the present ability to comply with the purge and the factual basis for that finding."); *Napoli v. Napoli*, 142 So. 3d 953, 955 (Fla. 4th DCA 2014). And the order on appeal does not expressly make such a finding, though the record includes the Former Husband's financial affidavit showing $511 cash on hand. However, where an error by the court appears for the first time on the face of a final order, a party must alert the court of the error via a motion for rehearing or some other appropriate motion in order to preserve it for appeal. *See Simmons v. Simmons*, 979 So. 2d 1063, 1064 (Fla. 1st DCA 2008); *Owens v. Owens*, 973 So. 2d 1169, 1170 (Fla. 1st DCA 2007).

Here, the Former Husband filed a notice of appeal the day after the trial court rendered the contempt order. The record reflects the Former Husband did file a post-judgment objection and emergency motion to modify the date by which he had to pay the purge amount. But he did so after filing the notice of appeal, when the trial court had no jurisdiction to amend the contempt order, and, in any event, he failed to bring the lack of findings to the court's attention. Because the error was not properly preserved for appeal, and having affirmed the contempt determination as discussed above, we affirm the contempt order *in toto*.

Turning to the order on attorney's fees, the Former Husband argues the $5,000 fee award should be reversed because it is not based on competent, substantial evidence establishing the Former Wife's need and his ability to pay. We previously reversed this fee award in *Williams v. Williams*, 93 So. 3d 1178, 1179 (Fla. 1st DCA 2012), and remanded the matter to the trial court because the order "[did] not include any findings of the parties' relative financial abilities or any specific findings on the reasonableness of Former Wife's attorney's hourly rate, number of hours expended, and the appropriateness of any reduction or enhancement factors." The order currently before us still lacks findings on the parties' relative financial abilities— i.e., the Former Wife's need and the Former Husband's ability to pay some portion of her attorney's fees. *See* § 61.16, Fla. Stat.; *Giovanini v. Giovanini*, 89 So. 3d 280, 282 (Fla. 1st DCA 2012). It states only, "The Former Husband is in a superior

4

position to contribute to said attorneys' fees and costs under the analysis set forth in *Pelton v. Pelton*, 617 So. 1152 (Fla. 1st DCA 1977) [sic]." Not only does this lone conclusion fail to satisfy the need-and-ability-to-pay requirement, it is based on a decision from this court that we cannot find. There is arguably evidence in the record from which the trial court can make the requisite finding. But we are not in a position to usurp the trial court's authority and weigh the evidence in the first instance. Accordingly, we reverse the order on attorney's fees and costs, and remand to the trial court to consider the relative financial standing of the parties and articulate its findings.

AFFIRMED, in part; REVERSED in part; and REMANDED.

VAN NORTWICK and PADOVANO, JJ., CONCUR.