IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MOHAMED OMAR SALEH,
Former Husband,

      Appellant,

v.

GRACIELA ALTAMIRANO
SALEH, Former Wife,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-2441

Opinion filed December 16, 2016.

An appeal from the Circuit Court for Duval County.
W. Gregg McCaulie, Judge.

Mohamed Omar Saleh, pro se, Appellant.

No appearance for Appellee.

PER CURIAM.

      AFFIRMED.

WOLF and WINOKUR, JJ., CONCUR; WINSOR, J., CONCURS WITH
OPINION.

WINSOR, J., concurring.

There were errors in the dissolution proceeding below, but because the appellant did not preserve his claims for appeal, I concur in the court's decision.

The parties married in 1996 and have five children together. Their prenuptial agreement provided that all property either party acquired before or during the marriage would remain separate. Roughly ten years into the marriage, the parties executed a postnuptial agreement, modifying the original agreement and addressing spousal support obligations and the distribution of certain property. The remaining provisions of the prenuptial agreement stayed in force. When the former husband subsequently initiated dissolution proceedings, one of the early issues was the validity of the pre- and postnuptial agreements. The trial court concluded the agreements were valid and binding, and no one has challenged that determination. Several years and several judges later, the case went to trial, and the court issued its final judgment of dissolution.

Some aspects of the final judgment conflict with the agreements the court earlier upheld. As one example, the prenuptial agreement specifically provided that "all property (of whatever nature, including but not limited to benefits under any and all retirement plans and individual retirement accounts)" the husband acquired "shall remain and will be his own separate property, and shall not ever be subject to a claim from [the former wife]." Despite this clear language, the court awarded

2

the former wife half the amount of the former husband's retirement account and profit-sharing accounts, valued at approximately $270,000.

Despite this error and others, we affirm based on the former husband's failure to preserve the claims of error for appeal. "[W]here an error by the court appears for the first time on the face of a final order, a party must alert the court of the error via a motion for rehearing or some other appropriate motion in order to preserve it for appeal." *Williams v. Williams*, 152 So. 3d 702, 704 (Fla. 1st DCA 2014). Here, the former husband challenged the final judgment with his pro se rehearing motion, but that motion did not adequately address the errors presented here. *Cf. Simmons v. Simmons*, 979 So. 2d 1063, 1064 (Fla. 1st DCA 2008) (noting preservation requirement). Based on that failure, I concur.