Warner, J.
Appellant challenges a final judgment of foreclosure of her property, claiming that the property is her homestead and exempt from sale. We conclude that under authority of Palm Beach Savings & Loan Ass’n v. Fishbein, 619 So.2d 267, 270 (Fla. 1993), appellee is entitled to foreclose on an equitable lien to the extent that the lien secured monies paid to satisfy appellant’s mortgage on the property.
This case arises out of a family dispute over properties originally owned by the parents of appellant and her siblings. The parents executed quit claim deeds to appellant of several properties. After the mother died and the father was declared incapacitated, appellant’s sister, as guardian of the father, filed suit against appellant to recover the properties and monies appellant took from the sale of some of the properties, alleging both that the father had lacked mental capacity when he executed the deeds and that appellant had exercised undue influence over her parents in seeming the properties. In one count, the guardian sought to impose an equitable lien on appellant’s property for the amount she used to pay off the mortgage on the property. Appellant answered, but did not raise the fact that the property was her homestead.
After a lengthy trial, the trial court found that the father lacked the capacity to execute the deeds. Among other relief, it imposed an equitable lien in the amount of $206,000 on appellant’s home, the amount that she used to pay off the mortgage on the property. It also declared an equitable lien in the amount of $185,000 for additional monies received by appellant from the sale of the parents’ properties.
Appellant appealed, and this Court affirmed. During the proceedings the father had died. After the appeal, the personal representative of the father sought to foreclose on the equitable lien. The complaint alleged that the estate had an equitable lien in the amount of $206,000 against appellant’s property. Appellant answered and again failed to raise her homestead exemption. The court conducted a trial and entered a final judgment foreclosing liens totaling $390,000 (the two liens combined), entered judgment for $421,428, including interest on both liens, and set a foreclosure sale. Several days after the final judgment was entered, appellant moved to cancel the sale and for the first time asserted that the property was her homestead. The court denied the motion, and appellant filed this appeal from the final judgment as well as the order denying the motion to cancel the sale.[1]
*685 On appeal, appellant contends that the court erred in imposing an equitable lien on her homestead, as it is exempt from forced sale pursuant to under Article X, section 4, of the Florida Constitution. We conclude, however, that Fishbein authorizes the equitable lien on appellant’s homestead for the amount of money she used to pay off her mortgage.
In Fishbein, a husband, who was in divorce proceedings with his wife, forged his wife’s signature on a mortgage loan documents and obtained a mortgage on the marital residence. Fishbein, 619 So.2d at 268. He used $930,000 of the funds to pay three existing mortgages and taxes on the property. Id. The wife ultimately obtained title to and possession of the property. Id. When the wife refused to pay the new mortgage the husband had placed on the property using her forged signature, the bank brought suit to foreclose. Id. at 269. The wife argued that the property was her homestead, and she hadn’t been a party to the fraud/forgery. Id. The trial court refused to foreclose the mortgage, but allowed the bank to have an equitable lien on the property for the amount of the taxes paid on the property and that portion of the mortgage which had been used to satisfy the pre-existing mortgage. Id. The court set a sale, but gave the wife time to arrange a private sale. On appeal, this Court reversed the imposition of an equitable lien, reasoning that the equitable lien could not be imposed where the wife had been innocent of any wrongdoing. Id. We concluded that the beneficiary of the homestead exemption can only be deprived of that protection when guilty of fraud or egregious conduct. Id.
The Florida Supreme Court quashed our decision to deny the bank an equitable lien. Id. at 271. The court acknowledged “that where equity demands it this Court has not hesitated to permit equitable liens to be imposed on homesteads[.]” Id. at 270. Citing several prior cases allowing equitable liens on homestead property, the court noted that equitable liens had been imposed against homestead property to prevent unjust enrichment. Id. at 269-70. The court allowed a lien on the wife’s homestead to the extent that the bank’s loan proceeds were used to pay the preexisting mortgages for which the wife would have been liable if the husband had not paid them off. Id. at 271. The court concluded:
Of course, Mrs. Fishbein should not be made to suffer because the bank was not more careful in ensuring that her signature on the mortgage was genuine. This is why the bank can make no claim against the property for the $270,000 not used to benefit the homestead. On the other hand, Mrs. Fishbein is not entitled to a $930,000 windfall. The homestead exemption is intended to be a shield, not a sword.
Id. (footnote omitted). Notably, in quashing the opinion of this Court, the Florida Supreme Court rejected this court’s conclusion that an equitable lien could be imposed only where fraud and egregious conduct are shown.
Applying Fishbein to this case, the court did not err in foreclosing on the equitable lien of $206,000 because it was imposed to prevent unjust enrichment by appellant, who used the proceeds of the sale of her parents’ property to pay off her pre-exist-ing mortgage on her home. While appellant contends that there still must be a showing of egregious conduct on her part, Fishbein clearly rejects such a finding. Unjust enrichment is sufficient in these circumstances to permit an equitable lien against a homestead.
*686 The court did err, however, in including the $185,000 lien as part of the foreclosure proceeding. First, the complaint did not seek to impose that lien against appellant’s home. It only alleged that it was entitled to enforce the $206,000 lien. Second, the $185,000 lien did not satisfy any pre-exist-ing obligations on the home. In fact, it appears to be unrelated to the home. Therefore, it could not be imposed under Fishbein.
Appellees contend that the second lien could be imposed based upon the egregious conduct exception to the homestead exemption. See Dyer v. Beverly & Tittle, P.A., 777 So.2d 1055, 1059 (Fla. 4th DCA 2001). They claim that the record shows that appellant engaged in undue influence and egregious conduct in securing the deeds to the properties from her parents. But the trial court in the first case, in which the equitable lien was imposed, expressly refused to rule on whether undue influence was shown. In light of the trial court’s refusal to rule and the fact that the evidence was disputed on the issue, we cannot conclude that this portion of the final judgment should be approved under a “right for the wrong reason” analysis.[2]
We affirm as to all other issues raised by appellant and thus affirm the order denying the motion to cancel the sale, as well as the final judgment to the extent it enforces the equitable lien of $206,000 against appellant’s home. We reverse the final judgment to the extent it enforces the $185,000 lien and remand for the court to revise the judgment accordingly.
Gross and May, JJ., concur.

. In Dyer v. Beverly & Tittle, P.A., 777 So.2d 1055, 1059 (Fla. 4th DCA 2001), we allowed a litigant to assert a defense of homestead for the first time on appeal, noting that the defense is not waived or barred by res judicata, *685 citing Sherbill v. Miller Mfg. Co., 89 So.2d 28 (Fla.1956).

. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla. 1999) ("[I]f a trial court reaches the right result, but for the wrong reasons, it will be upheld if there is any basis which would support the judgment in the record.”).