DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAURA LYNN CONE** and **WILLIAM E. CONE,**
Appellants,

v.

**U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER
PARTICIPANT TRUST, CHASE MANHATTAN BANK, USA, N.A.,** and
**PRIORITY ONE CREDIT UNION OF FLORIDA,**
Appellees.

No. 4D17-2285

[February 27, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Eli Breger, Judge; L.T. Case No. 502016CA004740XXXXMB.

Allan L. Hoffman of Hoffman & Hoffman, P.A., West Palm Beach (withdrawn as counsel after filing brief), for appellants.

Shawn R. Horwick of Ritter Chusid, LLP, Coral Springs, for appellee U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust.

LEVINE, J.

Appellants appeal a final summary judgment on appellee U.S. Bank Trust's claims for reformation of mortgage and equitable subrogation. Appellants challenge both the merits of the equitable subrogation claim and the amount of the final summary judgment. As to the merits of the equitable subrogation claim, we affirm. However, we reverse in part because issues of fact remain as to the amount owed on the mortgage.

A husband and wife co-signed a mortgage in 2001. However, when they refinanced in 2003 and used $316,653.96 of the funds received to pay off the 2001 note, the wife did not sign the new refinance note and mortgage. The bank later sued seeking an equitable subrogation lien for the amount loaned to appellants in the refinance and asked the court to amend the new note and mortgage to include the signature of the wife. The trial court granted the bank an equitable subrogation lien for the full payoff amount, $316,653.96. It then foreclosed the lien, leading to a post-interest

judgment of $614,560.28 against appellants.

Appellants challenge the trial court's decision to grant an equitable subrogation lien, arguing that such a lien would be appropriate only if the bank could show fraud when the wife's name was left off the refinance documents. This argument is without merit. Contrary to appellants' assertions, fraud or egregious misconduct is not a prerequisite or requirement to the entry of an equitable subrogation lien. *See Flinn v. Doty*, 214 So. 3d 683, 685 (Fla. 4th DCA 2017) (observing that the purpose of the equitable lien doctrine is to prevent unjust enrichment). Because the bank could demonstrate that appellants benefited from the funds of the refinance, no showing of fraud or misconduct would be required and thus the trial court properly imposed an equitable subrogation lien.

Appellants also challenge the amount of the lien. Contrary to the bank's assertion, appellants preserved their damages argument for appeal by timely filing a motion for rehearing below. *See Matyjaszek v. Matyjaszek*, 255 So. 3d 372, 374 n.1 (Fla. 4th DCA 2018) (holding that an error appearing for the first time on the face of a final judgment is properly preserved by the filing of a motion for rehearing "or some other appropriate motion") (quoting *Williams v. Williams*, 152 So. 3d 702, 704 (Fla. 1st DCA 2014)). Our review is de novo. *Volusia Cty. v. Aberdeen at Ormond Beach, L.P.,* 760 So. 2d 126, 130 (Fla. 2000).

The evidence introduced by the parties below left open a question as to how much appellants owed on the mortgage. Specifically, evidence introduced by the bank offered a different outstanding balance than what was reflected in the final judgment. Viewed "in the light most favorable to the non-moving party," this evidence created an issue of material fact. *See Fla. Dep't of Health v. Allan J. Dinnerstein, M.D., P.A.*, 78 So. 3d 26, 29 (Fla. 4th DCA 2011).

Under such circumstances, summary judgment was not proper as to the damages issue. *See Moore v. Morris*, 475 So. 2d 666, 668 (Fla. 1985) ("A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law."). We affirm the trial court's entry of judgment but reverse for the trial court to determine how much appellants owe on the mortgage.

*Affirmed in part, reversed in part, and remanded.*

WARNER and DAMOORGIAN, JJ., concur.

\*　　　\*　　　\*

2

*Not final until disposition of timely filed motion for rehearing.*