DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GAIL FLINN,**
Appellant,

v.

**KEVIN DOTY,** as curator of the
**ESTATE OF ROBERT A. FLINN,**
Appellee.

No. 4D18-1273

[July 10, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Paul B. Kanarek, Judge; L.T. Case No. 312014CA001020.

Jennifer S. Carroll of the Law Offices of Jennifer S. Carroll, P.A., Jupiter, for appellant.

Amy D. Shield and Roger Levine of Shield & Levine, P.A., Boca Raton, for appellee.

WARNER, J.

Appellant challenges an amended final judgment after remand from this court's opinion in *Flinn v. Doty*, 214 So. 3d 683 (Fla. 4th DCA 2017). The amended judgment converted an equitable lien—which had been granted in the original final judgment that was subsequently reversed—to a money judgment. However, because the original judgment had not been stayed, the property upon which the lien was imposed was sold by judicial sale, and a deficiency judgment was sought. Because this constituted an election of remedies, we reverse the amended money judgment, as appellee must pursue a deficiency decree.

The facts surrounding this case are set forth in *Flinn*. Briefly, the guardian of appellant's father, appellant's sister, sought to impose an equitable lien on appellant's homestead for monies that appellant had secured from the sale of properties deeded to her at a time when her father was incapacitated. *Id.* at 684. The proceedings resulted in a final

judgment imposing an equitable lien in the amount of $206,000 on appellant's home because appellant had used monies from the sale of the father's property to pay off her existing mortgage. *Id.* The court also imposed an equitable lien for an additional $185,000 that appellant received from other properties. *Id.* During these proceedings, the father had died. *Id.* After an appeal to this court, which affirmed the final judgment, the personal representative of the father's estate filed a complaint to foreclose the equitable lien against the homestead for $206,000. *Id.* The PR also sought a money judgment for the $185,000 lien. However, the trial court entered a combined judgment for both liens and interest in the amount of $421,428 and set a foreclosure sale. *Id.*

While appellant sought to cancel the sale of her homestead, and appealed the judgment, the PR did not cross-appeal the court's refusal to enter a money judgment. Instead, the PR set, and then reset, the sale. This resulted in the sale of appellant's homestead for $59,100. The PR then moved for a deficiency for the difference between the sale price and the $421,428. The trial court refused to consider the issue without proof of the fair market value of the property.[1] No denial of the motion appears in the record, and it is still pending.

This court affirmed the imposition of the equitable lien of $206,000 against appellant's homestead because those funds had been used to pay off the mortgage on the home. *Id.* at 685. But we held that the $185,000 lien could not be included as part of the foreclosure proceeding because those proceeds were not used to satisfy any obligations on the home. *Id.* at 686. We reversed "the final judgment to the extent it enforces the $185,000 lien and remand[ed] for the court to revise the judgment accordingly." *Id.*

On remand, over the objection of appellant that the PR had already elected his remedy by proceeding with the foreclosure and sale of the property for both liens, the court entered an amended final money judgment for $185,000 plus interest, prompting this appeal.

---

[1] The trial court was correct that the fair market value is one consideration in determining whether a deficiency decree should be entered. However, the court cited to section 702.06, Florida Statutes (2018), which governs mortgage foreclosures. As this was the foreclosure of an equitable lien and not a mortgage, section 45.031 sets the procedures. Section 45.031(8), Florida Statutes (2018), provides in part: "If the case is one in which a deficiency judgment may be sought, and application is made for a deficiency, the amount bid at the sale may be considered by the court as one of the factors in determining a deficiency under the usual equitable principles."

While raising multiple issues, we consider the appellant's claim that the PR elected his remedy by pursuing the foreclosure and deficiency judgment, to be dispositive. "The election of remedies doctrine is an application of the doctrine of estoppel and operates on the theory that a party electing one course of action should not later be allowed to avail himself of an incompatible course." *Barbe v. Villeneuve*, 505 So. 2d 1331, 1332 (Fla. 1987). This is true, even if the remedy sought was an improper one. In *United Companies Financial Corp. v. Bergelson*, 573 So. 2d 887, 888-89 (Fla. 4th DCA 1990), where a plaintiff chose an improper remedy, we said:

> We acknowledge that real property cannot be the subject of conversion. *American Int'l Land Corp v. Hanna*, 323 So. 2d 567, 569 (Fla. 1975). Therefore, conversion was a nonexistent remedy. Ordinarily, if a plaintiff proceeds upon an nonexistent remedy, he is not precluded from resorting to another remedy. *Rolf's Marina, Inc. v. Rescue Serv. & Repair, Inc.*, 398 So. 2d 842, 843 (Fla. 3d DCA 1981) (quoting *Perry v. Benson*, 94 So. 2d 819, 820 (Fla. 1957). However, the plaintiff's effort under the nonexistent remedy must have been aborted to pursue another remedy. *Id.* Sub judice, appellees' effort under the conversion remedy was not aborted since that case proceeded to judgment. Appellees obtained the remedy they sought even though it was an improper remedy.
>
> "When a party elects between two or more inconsistent courses and has knowledge of all the pertinent facts, he binds himself to the course he adopts first and cannot later withdraw from this knowing election." *Barbe v. Villeneuve*, 505 So. 2d 1331, 1334 (Fla. 1987). Appellees cannot now seek a different remedy.

Where a party first foreclosed on property and then sought to execute on a money judgment on the promissory note, the Second District held that the plaintiff had elected its remedy and had to pursue a deficiency decree prior to seeking other collection efforts:

> Although a party may pursue both a foreclosure action and an execution on note, *Mellor v. Goldberg*, 658 So. 2d 1162 (Fla. 2d DCA 1995), typically a party will follow a foreclosure sale by initiating a deficiency hearing to obtain a deficiency judgment. In this instance, Premier is attempting to execute

on the promissory note to obtain the difference between the foreclosure sale amount and the amount of the judgment. Premier's collection efforts have the potential to result in an inequity. By executing on a promissory note and then setting-off the amount recovered at foreclosure, Premier avoids a hearing on the amount of deficiency between the foreclosure sale amount and the judgment amount pursuant to section 702.06, Florida Statutes.

*Century Group, Inc. v. Premier Fin. Servs. E., L.P.*, 724 So. 2d 661, 662 (Fla. 2d DCA 1999) (footnote omitted).

This case is similar to *Century Group.* The trial court entered a foreclosure judgment of both equitable liens. The PR did not appeal, even though he never requested foreclosure of the $185,000. Instead, he pursued the sale of the property to satisfy *both* liens, and then sought a deficiency decree when the amount of the sale was insufficient to cover the total amount of the judgment. He has committed himself to that remedy, which is inconsistent with obtaining a money judgment for the entire amount of the $185,000.

While our opinion reversing the imposition of the $185,000 lien on the homestead directed the court to "revise the judgment accordingly," the judgment had not been stayed, and the property had already been sold to satisfy both liens, thus enforcing the original judgment. Having sought a deficiency, the PR's course was already set as to how to satisfy its equitable liens before our opinion was rendered. The PR must pursue the remedy he elected. *See Century Group.* Depending upon the trial court's determination of the equities, there may be no substantive difference between the amount the PR will obtain in the deficiency judgment or in the money judgment. But that is a matter for the trial court and a full hearing.

*Reversed and remanded with directions to vacate amended final judgment.*

GERBER and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4