# Third District Court of Appeal

## State of Florida

Opinion filed November 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-2054
Lower Tribunal No. 18-25610
_____

**Antonio Scognamillo,**
Appellant,

vs.

**Tiffany Jamison,**
**f/k/a Tiffany Scognamillo,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Jason E. Dimitris, Judge.

Antonio Scognamillo, in proper person.

Marti Goldstein, P.A., and Marti Goldstein, for appellee.


Before FERNANDEZ, HENDON and GORDO, JJ.

GORDO, J.

Antonio Scognamillo ("the Father") appeals a final judgment of dissolution of marriage to his former wife, Tiffany Scognamillo ("the Mother"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). For the following reasons, we affirm.

In October 2018, the Mother filed a petition for dissolution marriage. A trial was held on the issues raised in the petition and the trial court entered a final judgment in November 2022. The Father did not file a motion for rehearing.

The Father alleges various errors on appeal all related to the trial court's factual findings. "[W]here an error by the court appears for the first time on the face of a final order, a party must alert the court of the error via a motion for rehearing or some other appropriate motion in order to preserve it for appeal." Williams v. Williams, 152 So. 3d 702, 704 (Fla. 1st DCA 2014). Here, any arguments as to the trial court's factual findings are not preserved for appeal. The Father was required to alert the trial court of any alleged error via a motion for rehearing or some other appropriate motion in order to preserve his arguments for appellate review and did not do so. See Moody v. Newton, 264 So. 3d 292, 294 (Fla. 5th DCA 2019) ("Because the alleged error first appeared in the final judgment, [the] Former [spouse] was required to bring this matter to the lower court's attention in a motion for rehearing.").

Equally fatal to the instant appeal is the lack of a transcript. "In the absence of an adequate transcript on appeal, a judgment that is not fundamentally erroneous must be affirmed." Haddad v. Khan, 54 So. 3d 524, 525 (Fla. 3d DCA 2010). Finding no fundamental error on the face of the trial court's order, we affirm as the Father failed to meet his burden to demonstrate reversible error. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.").

Affirmed.