# Third District Court of Appeal

## State of Florida

Opinion filed November 27, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1675
Lower Tribunal No. 2019-2201-CA-01
_____

**William L. Hardison, et al.,**
Appellants,

vs.

**Bank of New York Mellon, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Charles Johnson, Judge.

David J. Winker, P.A., and David J. Winker, for appellants.

Diaz Anselmo & Associates, P.A., and Adam A. Diaz (Fort Lauderdale), for appellee.

Before FERNANDEZ, GORDO and GOODEN, JJ.

GORDO, J.

William L. Hardison and Hollie R. Hardison ("the Hardisons") appeal the trial court's entry of final summary judgment of foreclosure in favor of Bank of New York Mellon ("BONY"). We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). Because the sole issue on appeal—the trial court's failure to set forth detailed findings in support of summary judgment—has not been preserved for appellate review, we affirm.

## I.

The trial court granted BONY's motion for final summary judgment and entered a final judgment of foreclosure. The Hardisons filed a timely motion for rehearing but did not challenge any failure of the trial court to make required findings of fact on the face of the final judgment. The trial court denied the motion. This appeal followed.

## II.

"A ruling on a motion for summary judgment is subject to de novo review." Fla. Bar v. Greene, 926 So. 2d 1195, 1200 (Fla. 2006).

On appeal, the Hardisons argue the trial court failed to make required findings of fact in the final summary judgment of foreclosure. Florida's new summary judgment rule states that a trial court ruling on a summary judgment motion "shall state on the record the reasons for granting or denying the motion." Fla. R. Civ. P. 1.510(a). "The court's obligation in this

2

regard is mandatory." Tucker v. LNV Corp., 363 So. 3d 1095, 1097 (Fla. 4th DCA 2023) (quoting In re Amends. to Fla. Rule of Civ. Proc. 1.510, 317 So. 3d 72, 77 (Fla. 2021)). "The trial court can satisfy this requirement by stating its reasons in the order granting final summary judgment or by oral pronouncement." Id.

This Court is precluded from reaching the merits of the Hardisons' sole issue on appeal for two reasons. First, the record does not include a transcript from the summary judgment hearing. Without a transcript, this Court "cannot determine whether the trial court satisfied the 'statement on the record' requirement via oral pronouncement."[1] Tucker, 363 So. 3d at 1098; see also Esaw v. Esaw, 965 So. 2d 1261, 1264 (Fla. 2d DCA 2007) ("The most salient impediment to meaningful review of the trial court's decision is not the absence of findings, but the absence of a transcript."). Second, the Hardisons did not challenge the failure of the trial court to make the required findings in their motion for rehearing. Because the Hardisons failed to do so, this issue is not preserved for appellate review, and we are compelled to affirm. See Fla. R. Civ. P. 1.530(a) ("To preserve for appeal a challenge to the failure of the trial court to make required findings of fact in

---

[1] We do not find that the lack of a transcript precludes all review. We simply find that it will in a case where a trial court made oral pronouncements at a hearing and a transcript of that hearing is not provided.

the final judgment, a party must raise that issue in a motion for rehearing under this rule."); <u>Tucker</u>, 363 So. 3d at 1098 ("[T]o the extent [the Appellant] argues that the trial court failed to make required findings of fact on the face of the final judgment, this contention was not preserved by the filing of a motion for rehearing. 'Where an error by the court appears for the first time on the face of a final order, a party must alert the court of the error via a motion for rehearing or some other appropriate motion in order to preserve it for appeal.' Because [the Appellant] failed to do so, this issue is not preserved, and we must affirm." (quoting <u>Williams v. Williams</u>, 152 So. 3d 702, 704 (Fla. 1st DCA 2014))).

Affirmed.