# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0157
Lower Tribunal No. 2022-CA-007893

_____

BBURGETT, LLC,

Appellant,

v.

BENFAM HOLDINGS, LLC,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Brian S. Sandor, Judge.

March 20, 2026

STARGEL, J.

BBURGETT, LLC, appeals the Final Judgment of Foreclosure, Non-Homestead, granting summary judgment in favor of Appellee, BENFAM HOLDINGS, LLC. Specifically, BBURGETT alleges that the final judgment fails to comply with Florida Rule of Civil Procedure 1.510(a)[1] and that the trial court

---

[1] The rule states, in relevant part, "[T]he court shall state on the record the reasons for granting or denying the motion." Fla. R. Civ. P. 1.510(a).

erred in granting summary judgment when its affirmative defenses created genuine issues of material fact.

Because the record on appeal includes a transcript from the summary judgment hearing, and because the trial court failed to detail its specific reasons for granting summary judgment either orally or in its written order as required by rule 1.510(a),[2] we reverse and remand for the limited purpose of having the trial court enter an order that is compliant with the rule. *See Ballard v. Bank of Am., N.A.*, 365 So. 3d 1219, 1221-22 (Fla. 2d DCA 2023) (reversing and remanding for the limited purpose of having the trial court explain its reasoning as required by rule 1.510(a)) (internal citations omitted).[3] "To comply with this requirement, it will not be enough for the court to make a conclusory statement that there is or is not a genuine dispute

---

[2] BBURGETT preserved the issue by timely filing a motion for rehearing in the trial court. *See Melrose Ventures, LLC v. Uptempo Mktg. Corp.*, 418 So. 3d 217, 221 n.3 (Fla. 6th DCA 2025) ("[W]hen an error appears for the first time on the face of the order, it is well settled that parties can preserve the issue by filing a motion for rehearing."); *Williams v. Williams*, 152 So. 3d 702, 704 (Fla. 1st DCA 2014) ("[W]here an error by the court appears for the first time on the face of a final order, a party must alert the court of the error via a motion for rehearing or some other appropriate motion in order to preserve it for appeal.").

[3] This case is distinguishable from *Santiago v. Wilmington Trust, National Ass'n*, 51 Fla. L. Weekly D197, —— So.3d ——, 2026 WL 252409 (Fla. 6th DCA Jan. 30, 2026), where our Court affirmed because the record on appeal did not include a transcript from the summary judgment hearing and we therefore could not determine whether the trial court satisfied rule 1.510(a)'s statement-on-the-record requirement.

as to a material fact." *In re Amends. to Fla. R. of Civ. P. 1.510*, 317 So. 3d 72, 77 (Fla. 2021).

Since the issue of whether the trial court erred in not making specific findings is dispositive, we do not reach the merits of whether the affirmative defenses raised create genuine issues of material fact that would preclude summary judgment.

REVERSED and REMANDED with instructions.

MIZE and PRATT, JJ., concur.

Anthony N. Legendre, II, of Law Offices of Legendre & Legendre, PLLC, Maitland, for Appellant.

Daniel J. Mendez, Sergio L. Mendez, and Daniela C. Pachon, of Law Offices Mendez & Mendez, P.A., South Miami, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF FILED