DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MOUSTAFA FARGHALI,**
Appellant,

v.

**JOYCE FARGHALI,**
Appellee.

No. 4D14-1364

_____

**MOUSTAFA FARGHALI,**
Appellant,

v.

**JOYCE FARGHALI,**
Appellee.

4D15-1461

[March 9, 2016]

Appeals from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Amy L. Smith and Howard K. Coates, Jr., Judges; L.T. Case No. 502013DR001696XXXXNB.

Troy William Klein, West Palm Beach, for appellant.

Ronald K. Lantz, North Palm Beach, for appellee.

FORST, J.

Appellant Moustafa Farghali ("Husband") appeals two orders arising from his divorce from Appellee Joyce Farghali ("Wife"). Husband's two appeals have been consolidated for the purposes of this opinion. We write first to address the need for proper preservation of appellate issues in equitable distribution cases. The remainder of the opinion will address the distribution of Husband's pension.

Husband's first assertion on appeal is that the trial court erred in its distribution of the marital property by failing to make specific factual findings as to the disposition of several of the couple's assets and liabilities. However, Husband did not provide a trial transcript for appellate review, nor did he alert the trial court to this alleged shortcoming in a motion for rehearing. The First District has held "a party is not entitled to complain that a judgment in a marital and family law case fails to contain sufficient findings unless that party raised the omission before the trial court in a motion for rehearing." *Simmons v. Simmons*, 979 So. 2d 1063, 1064 (Fla. 1st DCA 2008); *see also David v. David*, 58 So. 3d 336, 338 (Fla. 5th DCA 2011) ("[T]he husband failed to preserve this error for appellate review because he did not file a motion for rehearing in the trial court raising the alleged inadequacy of factual findings.").

Although we have not expressly adopted this rule before, we do so now. As the First District pointed out in *Simmons*,

> A trial judge who is made aware of the fact that a required finding was omitted could easily redraft the judgment to include that finding. In contrast, a trial judge who assumes that the form of the judgment was acceptable and learns of the alleged deficiency only after the appeal has been concluded is not likely to be in a position to make the appropriate findings. It would be unrealistic to assume that a trial judge would remember, a year or so later, the value of a car or boat or some item of personal property that was included in an equitable distribution of property. In some cases, the trial courts would be required to begin the process anew, and that would only reward the party who failed to make a timely objection.
>
> Section 61.075(3)(b) requires the trial court to make a finding of the individual value of significant assets but it does not suggest that a failure to make such a finding is an issue that can be raised for the first time on appeal. Like most other legal issues, it must be preserved for review by a timely objection and ruling in the trial court.

*Simmons*, 979 So. 2d at 1065. Because Husband failed to bring the failure-to-make-findings issue to the trial court's attention in a motion for rehearing, and because there is no trial transcript to facilitate our review of the decision below, we are compelled to affirm the trial court's final

judgment of dissolution order.

## Case 15-4161

After Husband's first appeal had been perfected, it was brought to the trial court's attention that the Qualified Domestic Relations Order (QDRO) used to distribute Husband's pension plan was ineffectual for this type of pension. The trial court entered a second order attempting to remedy this error and clarify the distribution of this marital asset. Husband argues the trial court was without jurisdiction to enter this new order. However, "[w]hile [an] appeal is pending, the trial court retains jurisdiction 'with regard to those matters which do not interfere with the power and authority of the appellate court or with the rights of a party to the appeal which are under consideration by the appellate court.'" *Jallali v. Knightsbridge Vill. Homeowners' Ass'n*, 152 So. 3d 808, 810 (Fla. 4th DCA 2014) (quoting *Palma Sola Harbour Condo., Inc. v. Huber*, 374 So. 2d 1135, 1138 (Fla. 2d DCA 1979)). Here, it does not appear the trial court's actions materially altered the original judgment, as this change merely modifies the terminology used to transfer the monies from Husband to Wife without changing anything of substance. *See McDonald v. McDonald*, 731 So. 2d 132, 133 (Fla. 4th DCA 1999) ("An order which is the functional equivalent of a QDRO secures those rights to the wife and places the husband in no different position than if an actual QDRO were entered."); *Rumler v. Rumler*, 932 So. 2d 1165, 1167 (Fla. 2d DCA 2006) ("Equity empowers the trial court to fashion an alternative remedy to safeguard the Wife's interest in the pension [when a QDRO is ineffective].").

Unfortunately, even though the trial court's intent appears to have been to craft an alternative to the QDRO, the trial court's language in the second order leaves some ambiguities as to the exact method of dividing the pension. Specifically, one possible reading allows for Husband to transfer a portion of his monthly pension payments to Wife as they are received, while another conceivable reading of the order implies Husband is to make a lump sum payment to Wife. In order to address this ambiguity, we remand the case to the trial court to enter a new order distributing Husband's pension plan in an equitable manner. Presumably, this can best be accomplished by requiring Husband to pay to Wife half of his monthly pension benefits upon receipt of said payments. A lump sum distribution of some portion of the total estimated pension value is inherently speculative and would almost certainly result in one spouse obtaining greater financial benefits from the pension than the other.

Finally, we reverse the portion of the trial court's order that made the equitable distribution order enforceable through the court's contempt

power. "[T]he contempt power of a court [cannot] be invoked for the 'settlement of property rights as opposed to alimony, support or maintenance of one to whom the duty is owed.'" *Pineiro v. Pineiro*, 988 So. 2d 686, 87 (Fla. 4th DCA 2008) (quoting *Whelan v. Whelan,* 736 So. 2d 732, 733 (Fla. 4th DCA 1999)). "Enforcement through contempt of debts not involving support violates Article I, section 11 of the Florida Constitution, which prohibits imprisonment for debt." *Id.* "Payments for equitable distribution . . . are not enforceable by contempt, 'but only by the usual remedies available to a creditor against his debtor.'" *Pipitone v. Pipitone*, 23 So. 3d 131, 136 (Fla. 2d DCA 2009) (citations omitted) (quoting *Howell v. Howell*, 207 So. 2d 507, 510-12 (Fla. 2d DCA 1968)). However, "[i]f the substance of a provision requiring payment is found to be in the nature of support, rather than an exchange for a property interest, the failure to make the payment may be enforced by the remedy of civil contempt." *Cummings v. Cummings*, 37 So. 3d 287, 290 (Fla. 4th DCA 2010). In this case, the payments were ordered as part of an equitable distribution scheme, not alimony or support. As such, the payments are not enforceable by contempt.

## Conclusion

We affirm the trial court's February 2014 final judgment of dissolution of marriage. We reverse the trial court's March 2015 Order Granting Former Wife's Motion for Enforcement of QDRO insofar as it made the equitable distribution order enforceable through the court's contempt power, and we remand to have the trial court enter a new order distributing Husband's pension plan in an equitable manner consistent with this opinion.

*Affirmed in part, Reversed and Remanded in part.*

LEVINE and CONNER, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

4