DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CLAIRE RICE KUCHERA,**
Appellant,

v.

**JAY KUCHERA,**
Appellee.

No. 4D16-1375

[September 27, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John L. Phillips, Judge; L.T. Case No. 50-2003-DR-010962-WW-DIFH.

Robert J. Hauser of Pankauski Hauser PLLC, West Palm Beach, for appellant.

Deanna V. Shuler of Deanna V. Shuler, P.A., Palm Beach Gardens, and Kathryn M. Beamer of Kathryn M. Beamer, P.A., North Palm Beach, for appellee.

CONNER, J.

This is the third time the parties appear before us on appeal. The former wife appeals the final order entered after an evidentiary hearing on her motion for contempt. In the motion, the former wife sought an adjudication of contempt against the former husband and a determination of the lump sum alimony arrearage which accrued for four years. The former wife argues the trial court erred by: (1) concluding there was a lack of jurisdiction to determine the arrearage for the years 2008 and 2009, (2) allowing the former husband to pay the arrearages owed for 2010 and 2011 at the rate of $3,000 monthly, and (3) failing to award prejudgment interest on the arrearages. We affirm the trial court's decision regarding the amount of the monthly payment on the arrearages without further comment. We also affirm the trial court's decision to deny a determination of the arrearages owed for 2008 and 2009 and explain the reasons. However, we reverse the denial of prejudgment interest, and remand for further proceedings to award prejudgment interest.

*Background*

During the marriage, the parties had periodic marital difficulties resulting in a post-conciliation marital settlement agreement ("MSA") in 1992. The MSA was intended to resolve their differences in the future event that the parties separated and divorced. The MSA stipulated, among other things not pertinent to this appeal, that the husband would pay the former wife lump sum alimony by transferring certain accounts to her and paying one-half of his salary for ten years beginning on the date the marriage was dissolved.

The former wife filed to dissolve the marriage in 2003, wherein she sought to enforce the MSA. However, a pretrial order determined the MSA to be invalid. The 2006 final judgment dissolving the marriage determined that the former wife was entitled to $15,000.00 monthly as permanent periodic alimony.

An appeal ensued, resulting in the case being remanded to the circuit court for another trial, after we determined the MSA was not invalid. During the January 2010 retrial, the forensic accountants of each party testified as to the alimony amount that would have accrued as one-half of the former husband's income for 2006 through 2009. Calculations of those figures were also presented by each party. At a post-trial hearing prior to the entry of the third amended final judgment, the former wife's counsel stated:

> MR. CHOPIN: [opposing counsel] and I agree that there needs to be a final number figured out in terms of the difference between alimony that was paid from May '06 forward to alimony that should have been paid from May '06 forward, but I think we can probably figure that out and submit that to the Court.

In the third amended final judgment entered on remand after retrial, the trial court determined that the parties' MSA provides for the former wife to receive lump sum alimony with two components: (1) the value of certain accounts, including a profit-sharing account, and (2) one-half of the former husband's salary for a period of ten years beginning on the date of the dissolution (as opposed to the $15,000.00 monthly ordered after the first trial). Additionally, the court determined that the amount to be included as his salary included all amounts earned by the former husband, except distributions of his owner's share of his former business interest, and excluding his child support obligation. However, for reasons

2

unclear from the record, the third amended final judgment failed to determine what specific amounts were due to the former wife as the component of lump sum alimony representing one-half of the former husband's income from 2006 forward. The trial court reserved jurisdiction to modify or enforce the judgment as circumstances demanded and the law permitted.

The former husband appealed the third amended final judgment and the former wife cross-appealed. However, significant to this appeal, neither party raised the issue of the omission of a determination of the accrued arrearage of alimony representing one-half of the former husband's salary.

While the second appeal was pending, the former wife sought to enforce the lump sum alimony provisions of the third amended final judgment representing one-half of the former husband's income by a motion for contempt. Specifically, the former wife alleged the former husband failed to pay the correct amount of alimony for the years 2008 through 2011. In response, the former husband filed a memorandum of law raising arguments of *res judicata* and lack of jurisdiction for the arrearages which accrued during 2008 and 2009, as well as arguments of waiver and laches for the arrearages which accrued during all four years.

After an evidentiary hearing, the trial court found the alleged alimony arrearages for 2008 and 2009 were fully litigated in the two-day trial conducted in January 2010, which resulted in the third amended final judgment. After observing that the third amended final judgment failed to determine the amount of those arrearages, the trial court stated:

> When the Third Amended Final Judgment did not mention a number for the 2008 and 2009 arrears, the Former Wife was required to raise the omission issue in a timely motion for rehearing, but failed to do so. The Former Wife also had the right to appeal the omission, but chose not to do so, while appealing a number of other issues. Accordingly, the Former Wife's Motion as to 2008 and 2009 arrears is DENIED for lack of jurisdiction.

The trial court also denied the motion for contempt as to the payments which accrued for 2010 and 2011 because the former husband paid what was owed according to the third amended final judgment. However, the trial court determined that the finding of no contempt did not resolve the issue of the correct amount of alimony that should have been paid for those two years. After considering the evidence, the trial court determined

3

that the total alimony arrearage for 2010 and 2011 was $202,177.50. It further determined that an "equitable," "just," and "reasonable" repayment schedule would be $3,000 monthly. In exercising "sound discretion," the trial court denied the former wife's claim for prejudgment interest on the alimony arrearage. As justification for the denial of prejudgment interest, the trial court discussed the "scorched-earth mentality" of the former wife in prosecuting her entitlement to alimony, the finding by a previous judge that the MSA was unconscionable, the fact that in the previous four years the former husband received little to no net income from his sizable salary and had to use his inheritance and savings to meet his obligations under the MSA, including paying the former wife almost three million dollars for entitlements from 2010 forward.

The former wife gave notice of appeal of the final order on the motion for contempt.

## Appellate Analysis

### Failure to Determine Arrearages for 2008 and 2009

We review a trial court's ruling on support arrearages for an abuse of discretion. *See Galstyan v. Galstyan*, 85 So. 3d 561, 565 (Fla. 4th DCA 2012); *Thompson v. Thompson*, 989 So. 2d 1237, 1239 (Fla. 4th DCA 2008) ("On its face, the order [for the monthly amount to be paid on rehabilitative alimony arrearage] is an abuse of discretion."). However, we have also said that "[w]here a trial judge fails to apply the correct legal rule . . . the action is erroneous as a matter of law." *Ondrejack v. Ondrejack*, 839 So. 2d 867, 870 (Fla. 4th DCA 2003) (alterations in original) (quoting *Kennedy v. Kennedy*, 622 So. 2d 1033, 1034 (Fla. 5th DCA 1993)).

The former wife asserts the trial court erred in determining it did not have jurisdiction to determine the amount of alimony arrearage which accrued for 2008 and 2009. The former wife argues that the trial court premised its finding of lack of jurisdiction on a theory of *res judicata*, as argued by the former husband in his memorandum of law opposing the motion for contempt. As the former husband points out, the trial court did not explicitly refer to *res judicata* as the legal principle for determining that it did not have jurisdiction to determine the alimony arrearages for 2008 and 2009. However, we agree with two of the former husband's arguments and conclude the trial court properly denied the request to determine alimony arrearages for 2008 and 2009.

First, we agree with the former husband's argument that the former wife had an obligation to bring to the trial court's attention when the third amended final judgement was entered that a determination of the

4

arrearages for 2008 and 2009 had not been made. As the trial court found, the arrearage matter had been fully litigated, and prior to the entry of the third amended final judgment, former wife's counsel acknowledged "there needs to be a final number figured out in terms of the difference between alimony that was paid from May '06 forward to alimony that should have been paid from May '06 forward." As we said in *Farghali v. Farghali*, 187 So. 3d 338 (Fla. 4th DCA 2016), "a party is not entitled to complain that a judgment in a marital and family law case fails to contain sufficient findings unless that party raised the omission before the trial court in a motion for rehearing." *Id.* at 339 (quoting *Simmons v. Simmons*, 979 So. 2d 1063, 1064 (Fla. 1st DCA 2008)).

Next, we agree with the former husband's argument that the former wife waived the right to an arrearage determination or 2008 and 2009 by failing to pursue the matter on rehearing and by failing to raise the matter in the second appeal. As pointed out by the First District in *Campbell v. State*, 9 So. 3d 59 (Fla. 1st DCA 2009), our supreme court has explained (quoting *Fla. Dep't of Trans. v. Juliano*, 801 So. 2d 101 (Fla. 2001)), that "a party's failure 'to raise an issue on appeal that was the subject of the trial court's ruling' precludes reconsideration of the issue, not because the trial court's ruling has become the law of the case, but because *the failure to raise that issue on appeal has effectuated a waiver of future arguments regarding that issue.*" *Id.* at 61 (emphasis added).

We note, however, that the trial court was not correct in stating there was a "lack of jurisdiction" to consider the matter of the arrearages for 2008 and 2009. The circuit court had both subject matter and case jurisdiction to consider the matter. We also note that the trial court's statement in the final order that former husband did not meet his burden in raising the affirmative defense of waiver does not control, because the theory of waiver asserted in the former husband's memorandum of law pertained to the former wife's alleged acquiescence in accepting lower alimony payments and lulling the former husband into thinking she was satisfied with the amounts he paid. The theory of waiver found by the trial court pertained to failure preserve issues for appeal and seeking appellate review. Thus, to the extent the trial court's decision was correct, but perhaps for the wrong reason, we affirm. *Dade Cnty. Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 645 (Fla. 1999).

*Failure to Award Prejudgment Interest*

"A trial court's decision on whether or not to award prejudgment interest is reviewed under the de novo standard." *Conway v. Conway*, 111

So. 3d 925, 928 (Fla. 1st DCA 2013) (citing *Wood v. Unknown Pers. Representative of Estate of Burnette*, 56 So. 3d 74, 76 (Fla. 2d DCA 2011)).

The former wife asserts that the court erred in declining to award pre-judgment interest. The former wife argues that interest is due as a matter of law and the trial court did not have "discretion" to deny pre-judgment interest on the sums due. She relies on *Conway*, which held that trial court orders that fail to award prejudgment interest on support arrearages warrant reversal, citing *Miller v. Miller*, 679 So. 2d 858 (Fla. 1st DCA 1996); *Nelson–Higdon v. Higdon*, 680 So. 2d 524 (Fla. 1st DCA 1996); *Thurman v. Thurman*, 637 So. 2d 64, 65 (Fla. 1st DCA 1994). *Conway*, 111 So. 3d at 928. Additionally, the former wife argues that it would be inequitable to not require the former husband to pay interest because he failed to provide his financial information for years and he knowingly underpaid the alimony. Therefore, she contends that denying the interest forgives years of unexcused tardiness in payment.

The former husband argues that the trial court did not abuse its discretion in refusing to award any interest because there was no arrearage judgment. However, the argument and cases relied upon are inapposite to a situation in which the parties had a contractual agreement as to lump sum alimony payable to the former wife. The argument and cases the former husband cites are applicable where there was no contractual agreement between the parties.

The former husband further relies on the trial court's comments as to the financial status of the parties, and that the former wife prosecuted her entitlements under the MSA with a scorched-earth mentality. However, our research reveals no case law in Florida which denies entitlement to prejudgment interest in a contract case on the basis of equitable considerations.

While the former husband is correct that the third amended final judgment did not specifically state the court was entering a judgment for the specific amount of any arrearages, it is clear that the trial court did conclude that the former husband was in arrears for 2010 and 2011. As such, we hold that interest should have been awarded for those two years. Interest is provided as a matter of law once a debt has ensued. *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985). The order on the motion for contempt rightfully found the former husband to be in arrears by a specific amount. Thus, the trial court erred in failing to award prejudgment interest on the arrearages. We reverse and remand for the trial court to award prejudgment interest on the arrearage.

6

*Affirmed in part, reversed in part, and remanded.*

TAYLOR and MAY, JJ., concur.

\*         \*         \*

**Not final until disposition of timely filed motion for rehearing.**