DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TIMOTHY RICHARD FOX**,
Appellant,

v.

**PAMELA SUE FOX**,
Appellee.

No. 4D17-2092

[December 19, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Catherine M. Brunson, Judge; L.T. Case No. 502016DR007005XXXMB.

Neil B. Jagolinzer and Jay R. Jacknin of Jacknin & Jagolinzer, West Palm Beach, for appellant.

Matthew S. Nugent and Adam M. Zborowski of Nugent Zborowski, North Palm Beach, for appellee.

*EN BANC*

MAY, J.

The effect of a trial court's failure to make statutorily-required findings in an alimony award is the focus of this appeal. The former husband argues the trial court's failure constitutes reversible error. The former wife responds the former husband did not preserve the issue because he did not move for rehearing and call the issue to the trial court's attention. And so, a duel between reversible error and preservation is set. The former husband also argues the trial court erred in denying him the opportunity to conduct a vocational examination of the former wife.

We visit this issue en banc to resolve a conflict within our court. We hold that the failure to comply with the statute's requirement of factual findings is reversible error regardless of whether a motion for rehearing is filed. In doing so, we recede from *Farghali v. Farghali*, 187 So. 3d 338 (Fla. 4th DCA 2016), which departed from our precedent that the failure to

make the statutory findings constitutes reversible error.[1]  We further certify conflict with the First, Second, Third, and Fifth Districts on whether a motion for rehearing is required to preserve this issue.  We also find merit in the former husband's second issue and reverse for further proceedings.

### *The Facts*

The former wife petitioned for dissolution of a thirty-two year marriage. Both parties have a high-school education.  The former husband works in a managerial position at an asphalt company; the former wife was employed for more than thirty years as a dental assistant and office manager.  In her petition, she alleged she was unemployed and suffered from health issues.

Both parties filed financial affidavits.  The former wife attested she had no monthly income and a monthly deficit of $4,017.  She listed significant total assets and no liabilities or debt.  The former husband's financial affidavit listed a net monthly income around $6,600.

The court granted the former wife's request for temporary alimony, ordering the former husband to pay $3,700 per month.  Three days later, the former wife moved for contempt, enforcement, attorney's fees, and costs, accusing the former husband of failing to pay temporary relief.

The former husband filed a notice of vocational examination of the former wife, arguing that her earning ability was in controversy and requesting her to bring her medical records and copies of employment applications.  A little less than a month later, the former wife formally objected to the vocational examination, arguing the former husband consented to her not working years earlier and that she suffers from debilitating health conditions.

With the trial set, the former husband moved for a continuance, arguing he had an outstanding notice of vocational examination to which the former wife had originally agreed.  The court denied the former husband's request.

The parties entered into a marital settlement agreement, resolving all issues except alimony.  The day before trial, the former husband filed an

---

[1]*Kuchera v. Kuchera*, 230 So. 3d 135, 139 (Fla. 4th DCA 2017) followed *Farghali*. To the extent *Kuchera* departs from our established precedent, we also recede from it.

amended financial affidavit, listing his net monthly income as nearly half of that previously indicated.

The trial court tried the alimony issue. The former wife testified that she was a dental assistant for about thirty-four years and a traditional mother. She left her job due to health issues and as part of an agreement with the former husband. The former wife admitted she was unhappy with her job's office culture, but denied she quit for that reason.

The former husband offered the testimony of a vocational evaluation specialist. The expert explained how he evaluates individuals to determine earning potential. He explained that he never examined the former wife, but had discussed her situation with the former husband's counsel. The former wife objected to his testimony based on relevance, speculation, and lack of foundation. The trial court sustained the objections.

The trial court found the former wife had no gross monthly income and the former husband had a gross monthly income of $11,853. Though the former husband disputed the amount, the court awarded the former wife $4,500 per month in permanent periodic alimony. The court expressly found the former husband never sought to impute income to the former wife in the pleadings or the joint pretrial statement.

From this judgment, the former husband now appeals.

### *The Analysis*

The former husband first argues the court erred in awarding permanent periodic alimony based on the former couple's gross monthly income without making factual findings to support its conclusions. Relying on our decision in *Farghali v. Farghali*, 187 So. 3d 338 (Fla. 4th DCA 2016), the former wife responds that the former husband failed to preserve the issue when he did not move for rehearing.

In *Farghali*, we adopted a First District rule that "a party is not entitled to complain that a judgment in a marital and family law case fails to contain sufficient findings unless that party raised the omission before the trial court in a motion for rehearing." *Id.* at 339 (quoting *Simmons v. Simmons*, 979 So. 2d 1063, 1064 (Fla. 1st DCA 2008)). We then stated that "[a]lthough we have not expressly adopted this rule before, we do so now." *Id.*

*Farghali* conflicts with our earlier decisions, which did not require a motion for rehearing to preserve the lack of findings issue. *See Badgley v.*

3

*Sanchez*, 165 So. 3d 742 (Fla. 4th DCA 2015) (error in failing to make statutorily-required findings in an alimony award); *Rentel v. Rentel*, 124 So. 3d 993 (Fla. 4th DCA 2013) (error in failing to make statutorily-required findings in an alimony award); *Mondello v. Torres*, 47 So. 3d 389 (Fla. 4th DCA 2010) (error in failing to make statutorily-required findings in an equitable distribution award); *Aguirre v. Aguirre*, 985 So. 2d 1203 (Fla. 4th DCA 2008) (error in failing to make statutorily-required findings in a child support award); and *Dorsett v. Dorsett*, 902 So. 2d 947 (Fla. 4th DCA 2005) (error in failing to make statutorily-required findings in an equitable distribution award).

A panel of our court has no authority to overrule or recede from our precedent on the same legal issue. *Phila. Fin. Mgmt. of S.F., LLC v. DJSP Enters., Inc.*, 227 So. 3d 612, 617 (Fla. 4th DCA 2017); *see also In re Rule 9.331*, 416 So. 2d 1127, 1128 (Fla. 1982) ("[A] three–judge panel of a district court should not overrule or recede from a prior panel's ruling on an identical point of the law."). We therefore review the issue en banc.

In *Dorsett*, we held that "[e]ven when no trial transcript is provided to the reviewing court, '[f]ailure to make sufficient findings regarding value of property and identification of marital assets and debts constitutes reversible error and requires remand for appropriate findings to be made.'" *Id.* at 950 (alterations in original) (quoting *Wolfe v. Nazaire*, 758 So. 2d 730, 733 (Fla. 4th DCA 2000)). In a footnote, we cited *Broadfoot v. Broadfoot*, 791 So. 2d 584 (Fla. 3d DCA 2001); and *Mathieu v. Mathieu*, 877 So. 2d 740 (Fla. 5th DCA 2004) as having reached the opposite conclusion. *Id.* at 950 n.3; *see also Mondello v. Torres*, 47 So. 3d 389, 400 n.3 (Fla. 4th DCA 2010) ("This court has expressed disagreement with *Mathieu*.").

In *Broadfoot*, the Third District affirmed an alimony award despite the lack of statutorily-required findings because the award was clear and supported by the record. The Fifth District adopted *Broadfoot* in *Mathieu* and affirmed a dissolution judgment even though it lacked statutorily-required findings because the issue was not raised in a motion for rehearing filed by the husband. Notably, both courts adopted an exception to the rule when an appellate court is unable to have a meaningful review due to the lack of findings.

Subsequently, in *Rentel*, we held that "[b]ecause it is not apparent that the trial court based its alimony calculations on net income, we reverse and remand to make the required findings and to modify the award if necessary." 124 So. 3d at 994. And in *Badgley*, we reiterated that "a trial court's failure to make statutorily-required findings nonetheless warrants

4

reversal." 165 So. 3d at 744 (citations omitted). We again cited *Mathieu* as contrary authority. *Id.*

The First District adopted *Broadfoot* and *Mathieu* in *Owens v. Owens,* 973 So. 2d 1169 (Fla. 1st DCA 2007) (because the appellant failed to challenge the adequacy of the finding in a motion for rehearing, it failed to preserve the issue for appellate review).

In *Esaw v. Esaw,* 965 So. 2d 1261 (Fla. 2nd DCA 2007), the Second District affirmed a dissolution judgment because the appellant failed to demonstrate harmful error or provide a transcript. It did so despite the lack of statutorily-required findings. It indicated that the "technical deficiency in the trial court's findings" did not render the error fundamental. And, it acknowledged our disagreement with *Broadfoot* and *Mathieu* in *Esaw v. Esaw,* 965 So. 2d 1261, 1265 n.1 (Fla. 2d DCA 2007). Judge Silberman also noted the conflict in his concurring opinion. *Id.* at 1268 (Silberman, J. concurring).

Despite the other districts' decisions requiring a party to file a motion for rehearing to preserve the issue of a trial court's failure to make statutorily-required findings in alimony, equitable distribution, and child support, we adhere to our precedent that a party may raise the issue without having previously filed a motion for rehearing. This is because the rules do not require the filing of a motion, many dissolution appeals are pro se, and a family court judge should be aware of the statutory requirements in rendering a decision on alimony, equitable distribution, and child support.

Dissolution of marriage cases are unlike other civil litigation. The final dissolution judgment is often not the end of the litigation process. The final judgment establishes ground zero for the purpose of petitions for enforcement, modification, and contempt proceedings. Without the statutorily-required findings of fact, it is difficult, if not impossible, to review the record for evidentiary support of the judgment, to enforce a judgment, or to subsequently determine if there has been a material change in circumstances sufficient to justify a modification of that judgment.

This case involves two competing values—judicial economy vs. a rule that is in the best interest of the children and their families. It makes perfect sense from a judicial economy standpoint to bring "the claim of inadequate findings" to the "attention of the trial court by way of a motion for rehearing." *Mathieu,* 877 So. 2d 740 (Fla. 5th DCA 2004). Surely, the filing of a motion could easily eliminate an issue for appeal. But, because

5

these cases involve children and families, it is equally, if not more, important that the final judgment comport with Chapter 61.

Rather than refusing to reach an appellate issue for want of a motion for rehearing, it is far better to require a trial court to make the statutorily-required findings. To evade review of a trial court's failure to make required findings because someone either forgot or failed to move for rehearing frustrates the very purpose for those findings. Requiring a motion for rehearing is a rule that is too restrictive and imprecise to operate fairly where children and families are the focus. This is especially true where many family court cases are handled pro se.

The dissent suggests however that judicial economy should prevail over children and families and that this is just a common preservation issue. We disagree. The failure to make required factual findings is not the type of error that preservation rules were designed to avoid.

Preservation rules are designed to prevent a party from blindsiding the judge by raising an issue on appeal that was not brought to the trial court's attention. And, we will not review issues that a trial court has not had the opportunity to rule on because they were not raised. Correspondingly, the preservation rules were not designed to allow a trial court to ignore statutory requirements of which it should be aware.

Certainly, a judge sitting in family court should be cognizant of what findings are statutorily required in a final judgment of dissolution. There should be no need to bring those requirements to the trial court's attention. This does not mean that a lawyer or party ignore the rules either. It is preferable for the litigants to encourage the court's compliance with statutory requirements. But, it should not prevent a litigant from raising the issue when the court fails to do so.

While it may not be fundamental error for the court to fail to make statutorily-required findings, it is reversible error. *See Esaw*, 965 So. 2d at 1265. "Fundamental error . . . is error which goes to the foundation of the case or goes to the merits of the cause of action." *Sanford v. Rubin*, 237 So. 2d 134, 137 (Fla. 1970). It is a means by which an appellate court may address an issue to which the litigant failed to object or raise—an issue of which the trial court would otherwise be unaware. *Id.*

A trial court's failure to make statutorily-required findings is not in the same category. That failure neither goes to the foundation nor the merits of the case. There is no need to call the matter to the attention of the trial court by way of a motion for rehearing. But, it does provide cause for

reversal. *See, e.g., Walden v. Adekola*, 773 So. 2d 1218, 1219 (Fla. 3d DCA 2000) (reversing a sanctions order for failing to contain a willfulness finding, which can be raised for the first time on appeal).

We therefore adhere to our prior precedent that is consistent with this opinion. We approve the rule applied in *Badgley, Rental, Mondel, Aguirre,* and *Dorsett.* We recede from our opinions in *Farghali* and *Kuchera* to the extent they adopted a new rule requiring a motion for rehearing to raise a trial court's failure to make statutorily-required findings on appeal.

The Florida Bar Family Law Rules Committee may want to address this issue because of the judicial economy that results from the First, Second, Third, and Fifth District's rule of requiring a motion for rehearing to preserve the issue of a trial court's failure to make statutorily-required findings. Absent such a rule, however, we will not require a motion for rehearing to "preserve" the issue.

We also find merit in the former husband's second issue—the court's refusal to allow him to discover and present evidence on the former wife's employability. He filed a notice of vocational examination of the former wife, arguing that her ability to earn an income was in controversy. He requested she produce information in that regard. The former wife objected to the notice. The circuit court denied the former husband's request to conduct a vocational examination.

At trial, the former husband attempted to introduce the testimony of a vocational evaluation specialist, who testified that he was familiar with the former wife's employment through information provided by the former husband's attorney. Based on the specialist's admission that he had not evaluated the former wife, the court sustained the former wife's hearsay, relevance, speculation, and lack of foundation objections.

The Florida Family Law Rules of Procedure allow a party to examine the other party for "physical or mental condition, employability or vocational testing, genetic testing, or any other type of examination related to a matter in controversy." Fla. Fam. L.R.P. 12.360(a)(1). The requesting party must show "good cause for the examination." *Id.* Fla. R. Fam. P. 12.360(a)(2).

A court must rely on competent, substantial evidence when determining whether a spouse is voluntarily unemployed or underemployed. *Lafferty v. Lafferty*, 134 So. 3d 1142, 1144 (Fla. 2d DCA 2014) (citations omitted). The court should also consider "evidence of employment potential and probable earnings based on work history,

qualifications, and prevailing wages in the community." *Zarycki-Weig v. Weig*, 25 So. 3d 573, 575 (Fla. 4th DCA 2009) (citations omitted).

Here, the former husband asked to conduct a vocational examination. He attempted to present a vocational expert's testimony. The court prevented him from doing either. We therefore reverse and remand the case to the circuit court to allow the former husband to vocationally examine the former wife so that the court can determine her ability to work, earning capacity, and reevaluate the alimony award.

For the reasons expressed above, we reverse and remand the case to the trial court to conduct further proceedings in accordance with this opinion and to provide the statutorily-required findings in support of its ultimate decision on alimony.

*Reversed and remanded for further proceedings.*

WARNER, GROSS, TAYLOR, DAMOORGIAN, and KLINGENSMITH, concur.
CONNER, J., concurs specially with opinion.
KUNTZ, J., concurs in part and dissents in part with opinion, in which GERBER, C.J., CIKLIN, LEVINE and FORST, JJ., concur.

CONNER, J. concurring specially.

After participating in the panel decisions issued in *Farghali v. Farghali*, 187 So. 3d 338 (Fla. 4th DCA 2016) and *Kuchera v. Kuchera*, 230 So. 3d 135 (Fla. 4th DCA 2017) and considering the various positions argued during the en banc consideration of this case, I have come to the conclusion that the majority's position is more persuasive. I have changed my position from that expressed in *Farghali* and *Kuchera* for two reasons.

First, the position taken by the First, Second, Third, and Fifth Districts contains the caveat that the district court "reserve[s] the right to reverse on account of an absence of findings (whether the point was raised in the trial court or not) if the absence of the statutory findings frustrates th[e] court's appellate review." *Broadfoot v. Broadfoot*, 791 So. 2d 584, 585 (Fla. 3d DCA 2001). I submit that caveat is in recognition of the uniqueness of family law cases and the prevalence of statutory requirements for findings. More importantly, just as the dissent contends that either error is fundamental or not, it is equally true that an error is either preserved or not. If an error is not preserved, then the trial judge should not be reversed, unless the error is fundamental. In my view, the caveat represents the notion that the error in failing to make statutory findings can be fundamental. The problem with the caveat is that it is up to a panel

of appellate judges to determine whether "the absence of the statutory findings frustrates th[e] court's appellate review," which can sometimes lead to speculation about what a trial judge was thinking. Discerning the unspoken thoughts of a trial judge can be problematic, when a trial judge's thinking is often dependent upon determining the credibility of witnesses.

Second, what makes family law cases uniquely different from other civil cases is the large percentage of cases in which both parties are representing themselves. Unlike the other subject areas of cases coming before the trial court, in more than half the family law cases, the parties are usually not going to be aware of the preservation requirement for an appeal, in order to even attempt to bring a lack of adequate findings to the attention of the trial court by way of a motion for rehearing. That concern is even more prominent when one considers, as the majority points out, that the initial final judgment sets the threshold for future proceedings affecting children in particular.

Thus, I join the majority.

KUNTZ, J., concurring in part and dissenting in part.

The majority holds that a circuit court fundamentally errs when it fails to make written findings about periodic permanent alimony even when no party raises the issue below. But "[t]here is no general rule that the lack of statutorily required findings constitutes fundamental error." *Esaw v. Esaw*, 965 So. 2d 1261, 1265 (Fla. 2d DCA 2007). I would require the parties to preserve the issue for appellate review, as we require in every other instance absent fundamental error. Thus, I respectfully dissent from that portion of the Court's en banc opinion.[2]

### *Analysis*

#### *i. En Banc Review is Required*

As noted by the majority, in *Farghali*, we adopted a First District rule that "a party is not entitled to complain that a judgment in a marital and family law case fails to contain sufficient findings unless that party raised the omission before the trial court in a motion for rehearing." *Farghali v.*

---

[2] I agree with the majority that reversal is required because of the circuit court's denial of the Former Husband's requests to conduct a vocational examination.

*Farghali*, 187 So. 3d 338, 339 (Fla. 4th DCA 2016) (quoting *Simmons v. Simmons*, 979 So. 2d 1063, 1064 (Fla. 1st DCA 2008)).[3]

But we had previously addressed this same issue and reached the opposite conclusion. *See, e.g.*, *Badgley v. Sanchez*, 165 So. 3d 742 (Fla. 4th DCA 2015); *Rentel v. Rentel*, 124 So. 3d 993 (Fla. 4th DCA 2013) (per curiam); *Mondello v. Torres*, 47 So. 3d 389 (Fla. 4th DCA 2010); *Aguirre v. Aguirre*, 985 So. 2d 1203 (Fla. 4th DCA 2008); *Dorsett v. Dorsett*, 902 So. 2d 947 (Fla. 4th DCA 2005).

Our holding in *Farghali* conflicts with these earlier decisions. As the majority correctly notes, a panel of this Court is bound by the decision of an earlier panel. Thus, en banc review is needed to resolve this intra-district conflict.

### ii. The Former Husband Waived His Challenge to the Court's Alimony Award

Generally, this Court reached the correct conclusion in *Farghali* when we adopted the rule used by the First District in *Simmons*. *See Farghali*, 187 So. 3d at 339 ("[A] party is not entitled to complain that a judgment in a marital and family law case fails to contain sufficient findings unless that party raised the omission before the trial court in a motion for rehearing (quoting *Simmons*, 979 So. 2d at 1064)); *see also Owens v. Owens*, 973 So. 2d 1169 (Fla. 1st DCA 2007)).

That rule tracks the rule applied by most of the courts that have addressed the issue. *See, e.g.*, *Esaw*, 965 So. 2d at1261; *Owens*, 973 So. 2d at 1169; *Mathieu v. Mathieu*, 877 So. 2d 740 (Fla. 5th DCA 2004) (per curiam); *Broadfoot v. Broadfoot*, 791 So. 2d 584 (Fla. 3d DCA 2001).

For instance, in *Broadfoot*, the appellant argued for reversal of the circuit court's judgment because the court failed to make the required statutory findings. 791 So. 2d at 585. The Third District held that "[i]f the judgment is entered without required findings, then a motion for rehearing should be filed, requesting findings." *Id.* The court noted that there was no indication the appellant brought the error to the attention of the circuit court, and it generally "decline[d] to consider claims which were not presented in the first instance in the trial court." *Id.* (citation omitted). The court held that findings were not required "[w]here, as here, the basis for the award is reasonably clear and supported by the record . . . ." *Id.*

---

[3] We have since applied *Farghali* in *Kuchera v. Kuchera*, 230 So. 3d 135, 139 (Fla. 4th DCA 2017).

But this rule was not absolute: the court "reserve[d] the right to reverse on account of an absence of findings (whether the point was raised in the trial court or not) if the absence of the statutory findings frustrate[d] th[e] court's appellate review." *Id.* (citations omitted).

Later, the Fifth District considered the same issue and adopted the Third District's approach. *See Mathieu*, 877 So. 2d at 741. The Fifth District explained that "[t]he Third District Court of Appeal has taken the approach that a party cannot complain on appeal about inadequate findings in a dissolution case unless the alleged defect was brought to the trial court's attention in a motion for rehearing." *Id.* (citing *Broadfoot*, 791 So. 2d at 584). The court adopted this "sensible" approach, holding that it would consider "the lack of adequate findings as an unpreserved error unless previously brought to the trial court's attention." *Id.* (footnote omitted); *see also Anaya v. Anaya*, 987 So. 2d 806, 807 (Fla. 5th DCA 2008) ("A party may not complain about 'inadequate findings in a dissolution case unless the alleged defect was brought to the trial court's attention in a motion for rehearing.'" (quoting *Mathieu*, 877 So. 2d at 741)).

In a footnote in *Mathieu,* the Fifth District included a caveat:

> Our decision is subject to one caveat: Since the principal reason for findings of fact in these cases is to allow for meaningful appellate review in this very important area of the law, if the court determines on its own that its review is hampered, we may, at our discretion, send the case back for findings.

877 So. 2d at 741 n.1. Two years later, the Fifth District applied this caveat again in *Matajek v. Skowronska*, 927 So. 2d 981 (Fla. 5th DCA 2006). In *Matajek*, the Fifth District found the basis for the circuit court's award to be "not reasonably clear" which, the court held, required the judgment to be reversed for insufficient findings. *Id.* at 988.

The First District adopted the *Broadfoot* and *Mathieu* holdings in *Owens.* In *Owens*, the appellant argued the court's judgment should be reversed for failure to make the required findings. 973 So. 2d at 1170. But the appellant "never challenged the adequacy of the findings in a motion for rehearing or by any other means available in the trial court." *Id.* The First District "determine[d] that this issue was not properly preserved for appellate review." *Id.*; *see also Mize v. Mize*, 45 So. 3d 49, 49 (Fla. 1st DCA 2010) (footnote omitted) ("[B]ecause the Husband failed to challenge the insufficiency of the fact findings through a motion for rehearing or by any other post-judgment pleading, he has failed to preserve

these issues for appellate review.").  *Owens* is the case the First District cited in *Simmons,* and *Simmons* includes the rule we adopted in *Farghali.*

This rule adheres to the general proposition that our review is limited to "only those questions which were before the trial court and upon which a ruling adverse to the appealing party was made."  *State v. Barber,* 301 So. 2d 7, 9 (Fla. 1974) (citations omitted).  As a result, we "will not consider points raised for the first time on appeal."  *Castor v. State,* 365 So. 2d 701, 703 (Fla. 1978) (citing *Dorminey v. State,* 314 So. 2d 134 (Fla. 1975)).

The requirement that a party preserve an issue is based on fairness to the litigants, the court, and the judicial system.  *City of Orlando v. Birmingham,* 539 So. 2d 1133, 1134 (Fla. 1989) ("The requirement of a timely objection is based on practical necessity and basic fairness in the operation of the judicial system.").  By timely raising an issue, the litigant allows the judge an opportunity to correct the error.  *Id.* (citing *Castor,* 365 So. 2d at 703).  The litigant also affords the opposing party a chance to correct the error.

Thus, generally, preservation is required.   As the First District explained:

> It is difficult to overemphasize the importance, absent fundamental error, of preserving issues and arguments before asking an appellate court to reverse a trial court's final judgment.  The importance of this principle is too often not appreciated, and appellate courts are constrained, as we are here, to affirm orders which otherwise might have been reversed.

*Pensacola Beach Pier, Inc. v. King,* 66 So. 3d 321, 326 (Fla. 1st DCA 2011).

An exception to the preservation requirement exists when the purported error is fundamental.  *F.B. v. State,* 852 So. 2d 226, 229 (Fla. 2003) ("The sole exception to the contemporaneous objection rule applies where the error is fundamental." (citing *J.B. v. State,* 705 So. 2d 1376, 1378 (Fla. 1998))).   But "[t]here is no general rule that the lack of statutorily required findings constitutes fundamental error."  *Esaw,* 965 So. 2d at 1265.  The Florida Supreme Court determined the failure to make required written findings is not fundamental error.  *State v. Townsend,* 635 So. 2d 949, 959 (Fla. 1994) ("[T]he failure of a trial judge to make sufficient findings under the statute, in and of itself, does not constitute fundamental error." (citing *Hopkins v. State,* 632 So. 2d 1372 (Fla. 1994); *Seifert v. State,* 616 So. 2d 1044 (Fla. 2d DCA), *approved in relevant part,*

12

626 So. 2d 207 (Fla. 1993); *Jones v. State,* 610 So. 2d 105 (Fla. 3d DCA 1992))). We should, and must, reach the same result.

The majority agrees the failure to make the required findings is not fundamental error. Slip Op. 6. After agreeing there is no fundamental error, and without explanation, the majority states that the Court will adhere to our prior precedent that does not require a party to raise the issue. This conclusion is apparently based on the majority's statements that "dissolution of marriage cases are unlike other civil litigation," and that "it is equally, if not more, important" that a court make findings in a dissolution case than in other cases where findings are required. Slip Op. 5-6. But an exception to the preservation requirement exists for fundamental error, not error this Court decides in a particular case to be important. An error is fundamental or not. In this case, it is not.

In almost every situation, we require parties to first raise issues before the circuit court to preserve the issues for appeal, and we should not treat the situation here differently. Thus, to preserve the issue for purposes of appeal, generally a party must first challenge in the circuit court a purported lack of adequate findings to support an award in a dissolution case. The party can raise the issue in a motion for rehearing or through other means authorized by the rules.[4] Raising it on appeal in the first instance should not be permitted.

### Conclusion

An issue should be presented to the circuit court before being raised on appeal. Applying the rule here, the Former Husband did not bring the lack of findings to the circuit court's attention through a motion for rehearing or in any other manner. Thus, we should affirm on this issue and recede from our earlier case law requiring a contrary result.

GERBER, C.J., CIKLIN, LEVINE, and FORST, JJ., concur.

* * *

---

[4] *Broadfoot* and *Mathieu* include a limited caveat allowing the court to remand in those rare situations when appellate review is hampered. We should consider adopting a similar caveat but one limited to those situations when our review is hampered in cases involving child support and parental responsibility and time sharing.