DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARCO AURELIO PEREZ,**
Appellant,

v.

**ALICIA MARIA BORGA,**
Appellee.

No. 4D18-3400

[October 23, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas Richard Lopane, Judge; L.T. Case No. FMCE12-08235 (33)/93.

Jose C. Bofill of Bofill Law Group, Miami, for appellant.

Kevin Coyle Colbert, Miami, for appellee.

DAMOORGIAN, J.

Marco Aurelio Perez ("Former Husband") appeals the trial court's order finding him in contempt and ordering incarceration as a sanction for failing to make court ordered alimony payments to Alicia Maria Borga ("Former Wife"). Former Husband argues the trial court erred by: (1) finding Former Husband in willful contempt for failing to pay court ordered alimony; and (2) failing to make the required finding that Former Husband has the present ability to pay the purge amount. We affirm on the first issue without further comment. As to the second issue, we reverse and remand, finding that the trial court failed to make the required separate, affirmative finding of present ability to pay the purge amount.

The parties' final judgment of dissolution of marriage required Former Husband to pay Former Wife monthly permanent periodic alimony. Former Husband failed to pay the alimony payments, and Former Wife moved to have him held in contempt. Following an evidentiary hearing, the trial court found Former Husband in "willful contempt of the previous Final Judgment" and ordered incarceration as a sanction unless Former Husband paid the purge amount of $87,673.65 within seven days of the

order. Former Husband failed to pay the purge amount and a writ of arrest and incarceration was entered. This appeal follows.

It is well settled law that once the trial court imposes incarceration as a sanction, the court's order must also contain "a separate affirmative finding that the contemnor has the present ability to comply with the purge and the factual basis for that finding." *Ramirez v. Ramirez*, 84 So. 3d 434, 435 (Fla. 4th DCA 2012) (quoting Fla. Fam. L. R. P. 12.615(e)). Moreover, the presumption of ability to pay which attaches at the initial part of the contempt proceeding "is not a substitute for the separate, affirmative finding of ability to pay required for incarceration." *Pompey v. Cochran*, 685 So. 2d 1007, 1014 (Fla. 4th DCA 1997) (internal quotation marks omitted).

Here, the contempt order sanctioned Former Husband with incarceration but failed to include the required separate, affirmative finding that he had the present ability to pay the purge amount, and the factual basis for such a finding.

We acknowledge Former Husband did not bring the lack of findings to the trial court's attention through a motion for rehearing or some other appropriate motion. We also acknowledge that the First District has held that, where the trial court fails to make the required separate affirmative finding of ability to pay the purge amount, "a party must alert the court of the error via a motion for rehearing or some other appropriate motion in order to preserve it for appeal." *Williams v. Williams*, 152 So. 3d 702, 704 (Fla. 1st DCA 2014); *see also McDaniels v. McDaniels*, 2019 WL 3296627, at *1 (Fla. 1st DCA July 23, 2019) (same). However, this Court's recent decision in *Fox v. Fox*, 262 So. 3d 789 (Fla. 4th DCA 2018), compels our review.

In *Fox*, this Court held that a party may raise on appeal the issue of the trial court's failure to make statutorily required findings regarding alimony, equitable distribution, and child support without having previously filed a motion for rehearing. *Id.* at 793–94. We reasoned that:

> Dissolution of marriage cases are unlike other civil litigation. The final dissolution judgment is often not the end of the litigation process. The final judgment establishes ground zero for the purpose of petitions for enforcement, modification, and contempt proceedings. Without the statutorily-required findings of fact, it is difficult, if not impossible, to review the record for evidentiary support of the judgment, to enforce a judgment, or to subsequently determine if there has been a

2

material change in circumstances sufficient to justify a modification of that judgment.

. . . .

Rather than refusing to reach an appellate issue for want of a motion for rehearing, it is far better to require a trial court to make the statutorily-required findings. To evade review of a trial court's failure to make required findings because someone either forgot or failed to move for rehearing frustrates the very purpose for those findings. Requiring a motion for rehearing is a rule that is too restrictive and imprecise to operate fairly where children and families are the focus. This is especially true where many family court cases are handled pro se.

*Id.* We find that the same rationale in *Fox* extends to a final order of contempt stemming from the failure to pay court ordered alimony.

Accordingly, we reverse the order of contempt and remand for the trial court to make the appropriate findings, set forth by the Florida Family Law Rules of Procedure 12.615(e), with regard to Former Husband's present ability to pay the purge. In so doing, the trial court is not required to reconvene the evidentiary hearing if the record before it is sufficient. We also certify conflict with *Williams* and *McDaniels*.

*Affirmed in part, reversed in part and remanded.*

CIKLIN and GERBER, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**