DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUCIO APONTE**,
Appellant,

v.

**MARIA H. WOOD**,
Appellee.

No. 4D19-3370

[December 16, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Samantha Schosberg Feuer, Judge; L.T. Case No. 50-2018-DR-004231-XXXX-SB.

Jordan B. Abramowitz of Abramowitz and Associates, Coral Gables, for appellant.

Stacey D. Mullins of GrayRobinson, P.A., Boca Raton, for appellee.

FORST, J.

Appellant Lucio Aponte ("Husband") appeals from the trial court's entry of default final judgment in favor of Appellee Maria H. Wood ("Wife") in a dissolution of marriage proceeding. Husband raises three arguments on appeal: (1) that the trial court erred in entering default final judgment without a finding of willful noncompliance; (2) that the trial court failed to comply with Florida Family Law Rule of Procedure 12.440 in setting the dissolution action for trial; and (3) that the trial court failed to make statutorily required findings of fact under section 61.075, Florida Statutes (2019). As to Husband's first and third arguments, we agree and therefore reverse and remand for further proceedings, as addressed below. As we find reversal necessary based on these arguments alone, we need not address the trial court's alleged failure to comply with rule 12.440.

**Background**

Wife filed a "Petition for Dissolution of Marriage and Other Relief" ("Petition"), seeking to dissolve her marriage with Husband and to equitably distribute the parties' marital assets and liabilities under section

61.075.  Husband filed what appears to be an answer, acknowledging that the marriage was irretrievably broken and stating that he did not oppose dissolution.  However, Husband sought clarification as to Wife's request for the equitable distribution of assets and liabilities.

Wife's Motion to Compel.  Several months after receipt of Husband's answer, Wife filed a Family Law Financial Affidavit, and—following Husband's failure to file his own financial affidavit—Wife filed a "Motion to Compel [Husband's] Compliance with Mandatory Disclosure Rule 12.285." Husband responded to this motion with documentation written entirely in Italian.  After Wife filed an Amended Family Law Financial Affidavit, the trial court entered an order granting Wife's motion to compel, giving Husband ten days to comply with Florida Family Law Rule of Procedure 12.285.  Husband timely replied to this motion, again in Italian.

Wife's Motion for Default is filed and granted.  Wife next filed a motion for default, alleging that Husband failed to comply with mandatory disclosure rule 12.285.  Less than a week later, Husband filed yet another response written entirely in Italian.  Thereafter, the trial court entered an order granting Wife's motion for default, giving Husband "twenty (20) days to comply with mandatory disclosure" and allowing Wife to "proceed with a Motion for Default Final Judgment" if Husband did not comply.

Wife's Motion for Default Final Judgment.  Husband again timely responded to the trial court's order.  However, once again Husband's response was written entirely in Italian.  Consequently, Wife filed a "Motion for Entry of a Default Final Judgment," alleging that Husband failed to comply with the trial court's order granting the motion for default.  Wife served Husband with notice of the hearing on her motion.

During the final hearing—which lasted three minutes and for which only Wife and her attorney were present—the trial court noted that Husband "didn't comply with the mandatory disclosures" and that Husband "hasn't really participated at all in the past."  Accordingly, the trial court dissolved the parties' marriage, stating its intention to enter a default final judgment.

Default Final Judgment.  Following the above-noted hearing, the trial court entered a detailed "Default Final Judgment of Dissolution of Marriage" ("Default Final Judgment").  This order found Husband in default for his failure to comply with rule 12.285's mandatory disclosure obligations; distributed the parties' assets and liabilities; and reduced the parties' marital dissolution to writing.

2

The following day, Husband filed a response in Italian to both Wife's motion for entry of a default final judgment and the trial court's Default Final Judgment. No further action was taken by the trial court. Husband timely filed the instant appeal.

**Analysis**

## A. The Entry of Default

This Court reviews a trial court's "discretion to order dismissal or default for failure to comply with discovery requirements" under an abuse of discretion standard. *Commonwealth Fed. Savs. & Loan Ass'n v. Tubero*, 569 So. 2d 1271, 1273 (Fla. 1990).

"[E]ntering a default for noncompliance with an order compelling discovery is the most severe of all sanctions which should be employed only in extreme circumstances." *Mercer v. Raine*, 443 So. 2d 944, 946 (Fla. 1983). Dismissal or default based on a discovery violation is a *per se* abuse of discretion "where the trial court fails to make express written findings of fact supporting the conclusion that the failure to obey the court order demonstrated willful or deliberate disregard." *Ham v. Dunmire*, 891 So. 2d 492, 495 (Fla. 2004). Although no magic words are required, there must be a "finding that the conduct upon which the order is based was equivalent to willfulness or deliberate disregard" of the court's authority. *Tubero*, 569 So. 2d at 1273.

Here, the trial court granted Wife's motion for default and entered a default final judgment against Husband for his failure to comply with rule 12.285, which requires the filing of a financial affidavit. *See* Fla. Fam. L. R. P. 12.285(e)(1). However, neither the order granting Wife's motion for default nor the Default Final Judgment contained an express written finding of willful or deliberate disregard. Nor did the trial court make any such finding at the final hearing or in any other prior order.

"[A] determination and finding[] of willful or deliberate disregard of a court's authority" as a prerequisite for default or dismissal is mandated by *Mercer* and *Ham*. *Ledo v. Seavie Res., LLC*, 149 So. 3d 707, 710 (Fla. 3d DCA 2014). Accordingly, the trial court erred in entering default absent this determination and finding.

Nonetheless, Wife asserts that, regardless of the merits of Husband's claim, his argument is not properly preserved due to the absence of a motion for rehearing. We disagree. In *Fox v. Fox*, 262 So. 3d 789 (Fla. 4th DCA 2018), we held—*en banc*—that a motion for rehearing is not required

3

"to preserve the issue of a trial court's failure to make statutorily-required findings in alimony, equitable distribution, and child support" proceedings.[1] *Id.* at 793. In so holding, we noted that marriage dissolution cases are unlike other cases and that "[r]equiring a motion for rehearing is a rule that is too restrictive and imprecise to operate fairly where children and families are the focus." *Id.* at 793–94.

Subsequently, in *Perez v. Borga*, 283 So. 3d 815 (Fla. 4th DCA 2019), we held "that the same rationale in *Fox* extends to a final order of contempt stemming from the failure to pay court ordered alimony." *Id.* at 816–17. In that case, we found reversible error in the trial court's failure to make a "separate, affirmative finding of present ability to pay the purge amount[,]" despite "well settled law" (comprised of both case law and the Florida Family Law Rules of Procedure) that mandated such a finding when imposing incarceration as a sanction. *Id.* at 816.

Here, as in *Perez*, the trial court failed to make a requisite finding in a family law proceeding involving alimony, equitable distribution, or child support, despite "well settled law" requiring such. As we stated in *Fox*, "the preservation rules were not designed to allow a trial court to ignore [] requirements of which it should be aware." *Fox*, 262 So. 3d at 794.[2]

## B. Equitable Distribution

We review a trial court's determination of equitable distribution under an abuse of discretion standard. *Bardowell v. Bardowell*, 975 So. 2d 628, 629 (Fla. 4th DCA 2008). However, "a trial court's failure to consider mandatory statutory factors is error as a matter of law." *Callwood v. Callwood*, 221 So. 3d 1198, 1201 (Fla. 4th DCA 2017).

Pursuant to section 61.075(3), Florida Statutes (2019), "[i]n any contested dissolution action wherein a stipulation and agreement has not been entered and filed, any distribution of marital assets or marital liabilities shall be supported by factual findings in the judgment or order based on competent substantial evidence with reference to the factors enumerated in subsection (1)." § 61.075(3), Fla. Stat. These factors

---

[1] In light of *Fox*, we need not address whether Husband's filings (albeit in Italian) one day after entry of the Default Final Judgment constitute a timely motion for rehearing.

[2] The two cases relied upon by Wife in her failure-to-preserve argument, *Bank of America, N.A. v. Ribaudo*, 199 So. 3d 407 (Fla. 4th DCA 2016), and *Bank of New York Mellon v. Sandhill*, 202 So. 3d 944 (Fla. 5th DCA 2016), are distinguishable as neither involved marriage dissolution proceedings, and both pre-date *Fox*.

include the contribution to the marriage by each spouse, the economic circumstances of the parties, and the duration of the marriage, among others. § 61.075(1)(a)–(j), Fla. Stat. "Reversible error occurs where 'the equitable distribution in the final judgment is not supported by factual findings with reference to the factors listed in section 61.075(1), as required by section 61.075(3) when a stipulation and agreement has not been entered and filed.'" *Callwood*, 221 So. 3d at 1201 (quoting *Richardson v. Knight*, 197 So. 3d 143, 146 (Fla. 4th DCA 2016)). Section 61.075(3) imposes the following requirement on trial courts:

> The distribution of all marital assets and marital liabilities, whether equal or unequal, shall include specific written findings of fact as to the following:
>
> (a) Clear identification of nonmarital assets and ownership interests;
>
> (b) Identification of marital assets, including the individual valuation of significant assets, and designation of which spouse shall be entitled to each asset;
>
> (c) Identification of the marital liabilities and designation of which spouse shall be responsible for each liability;
>
> (d) Any other findings necessary to advise the parties or the reviewing court of the trial court's rationale for the distribution of marital assets and allocation of liabilities.

§ 61.075(3)(b)-(d), Fla. Stat. (2019). Thus, a trial court errs by failing to make "written findings identifying and assigning values to the marital assets and liabilities." *Dorsett v. Dorsett*, 902 So. 2d 947, 954 (Fla. 4th DCA 2005). However, "[a] trial judge has no duty under section 61.075 to make findings of value if the parties have not presented any evidence on that issue." *Aguirre v. Aguirre*, 985 So. 2d 1203, 1207 (Fla. 4th DCA 2008). That is not the case here.

The instant case constitutes a contested dissolution action (at least with respect to equitable distribution) in which no stipulation or agreement has been entered. The Default Final Judgment does not sufficiently reference the ten factors enumerated in section 61.075(1). Additionally, although the Default Final Judgment distributes real property, financial accounts, business interests, and liabilities, there is no clear reference to marital and nonmartial assets and liabilities, or valuations as to any assets.

5

Wife's Answer Brief concedes that "the trial court's failure to make specific factual findings that are required by statute as set forth in chapter 61 is reversible error and requires remand for appropriate findings to be made." We agree. The trial court's failure to make factual findings in reference to the ten factors in section 61.075(1), and the lack of written findings clearly identifying the values of marital and nonmarital assets and liabilities, constitute trial court error as a matter of law, requiring reversal.

**Conclusion**

The trial court erred in entering default final judgment without the requisite determination and findings per *Mercer/Ham*, and further erred in failing to make the necessary findings under section 61.075, Florida Statutes (2019). We therefore reverse and remand for the trial court to "reconsider the [default] imposed in order to determine whether there was a deliberate or willful disregard of the discovery order." *Tubero v. Chapnich*, 552 So. 2d 932, 935 (Fla. 4th DCA 1989), *aff'd sub nom. Commonwealth Fed. Sav. & Loan Ass'n v. Tubero*, 569 So. 2d 1271 (Fla. 1990). We also reverse and remand for the trial court to enter the appropriate written findings under sections 61.075(1) and (3) after the trial court properly disposes of the default issue. However, because neither party challenges the dissolution of marriage itself, we do not disturb the trial court's final judgment insofar as it grants dissolution. *See Barrichi v. Barry*, 137 So. 3d 1196, 1198 (Fla. 2d DCA 2014).

We note that English is the official language of the State of Florida. Art. II, § 9, Fla. Const. Husband must file all pleadings in English for the court to properly consider their merits.

*Reversed and remanded for proceedings consistent with this opinion.*

DAMOORGIAN and CIKLIN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

6